HOBERT E. MCELYEA, Plaintiff-Appellant, *v.* SAFEWAY INSURANCE COMPANY, Defendant-Appellee.

(No. 54342;

First District—November 18, 1970.

Paulson & Ketchem, of Chicago, (James R. Madler, of counsel,) for appellant.

Garbutt & Jacobson, Associated, of Chicago, (Jerome J. Jacobson and Edward Wolfe, of counsel,) for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Hobert E. McElyea, appeals from the order striking his complaint and dismissing the cause of action.

For purposes of review, the facts are to be taken from the pleadings. Defendant, Safeway Insurance Company, issued an automobile liability policy to plaintiff for the period from October 11, 1966 to October 11, 1967. The policy listed plaintiff's "1965 Chevrolet ½ Ton Pick Up" as the insured motor vehicle. The schedule of coverage also provided that defendant was affording plaintiff its "Family Protection Coverage" endorsement for an additional premium. This endorsement provided in part:

"I. Damages for Bodily Injury Caused by Uninsured Automobiles: The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness, or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration."

The endorsement contained the following exclusion which provided in part:

"This endorsement does not apply:

\*      \*      \*

(b) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by a named insured or any relative resident in the same household, or through being struck by such an automobile, but this exclusion does not apply to the principal named insured or his relatives while occupying or if struck by an automobile owned by the insured named in the schedule or his relatives."

On July 19, 1967, the plaintiff was struck by a hit-and-run vehicle while riding a motorcycle he owned. As a result of the accident plaintiff sustained severe injury and on January 30, 1968, plaintiff filed an application for arbitration of the injuries sustained with the American Arbitration Association. However, defendant notified the Association that they rejected the demand to arbitrate, since defendant did not belong to the Association and did not desire to arbitrate the claim with them.

On May 26, 1969, plaintiff filed his complaint alleging the foregoing and praying for judgment in the amount of $10,000. Upon defendant's motion, the trial court struck plaintiff's complaint and dismissed the cause of action. Plaintiff appeals and requests a reversal of the court's

order dismissing the complaint and that the cause be remanded for a trial on the merits.

On appeal plaintiff contends:

1. The uninsured motorist endorsement is clear that plaintiff is covered in the instant proceeding.
2. In the alternative, the second exclusion contained in the endorsement makes the policy ambiguous so that interpretation of the coverage must be construed most strongly against defendant.
3. The statute and public policy require that plaintiff be found within the coverage of the uninsured motorist endorsement.
4. The trial court erred in not requiring defendant to file an answer.
5. Plaintiff's constitutional rights are affected.

*Opinion*

Plaintiff initially contends that the "Family Protection Coverage" (uninsured motorist endorsement) clearly covers him for the accident that occurred on July 19, 1967. Plaintiff's reasoning is based upon the defendant's failure to describe the insured automobile in the endorsement and the express language of the endorsement itself.

A review of the insurance policy in question reveals that the schedule of coverage on the first page describes the amount and type of coverage afforded. The uninsured motorist coverage is included in the schedule as "Family Protection" and an additional five dollar premium is charged. The Family Protection coverage is a separate endorsement to be attached to the policy. However, plaintiff was not afforded a copy of this endorsement, as referred to in his schedule of coverage, until defendant was ordered to so produce by the trial court. The endorsement as produced by defendant provided for a description of the insured automobiles. The following four categories of automobiles were listed:

"1. Any automobile owned by the principal named insured.
2. Any private passenger type automobile owned by the principal named insured.
3. Any automobile to which are attached Dealer's Automobile Registration Plates issued in the name of the principal named insured.
4. Any automobile designated in the declarations of the policy by the letters 'UM' and an automobile ownership of which is acquired during the policy period by the principal named insured as a replacement therefor."

Before each of the above categories an empty box was provided with directions to check the appropriate category, but not of these boxes were checked. Plaintiff contends that defendant's failure to check the appropriate box was an agreement by defendant to insure any automobile owned

by the plaintiff. However, defendant contends that the uninsured motorist endorsement it provided pursuant to court order was merely a sample copy of the endorsement and not a copy of the original and that therefore, it cannot be bound by it.

■■ We find that the endorsement in question was merely a sample of the standard endorsement provided by defendant and was not a copy of the original. The endorsement provided by defendant left blank all information as to policy number, named insured, and limits of liability in addition to the description of the insured automobile. Therefore, this sample could not be deemed to have bound defendant as to the information not supplied.

Plaintiff argues that the express language of the uninsured motorist endorsement itself provides coverage for him for the accident in question. That portion of the endorsement in question is paragraph (b) of the exclusion. Paragraph (b) initially provides:

"This endorsement does not apply:

\* \* \*

(b) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by a named insured or any relative resident in the same household, or through being struck by such an automobile \* \* \*"

The second part of the paragraph then provides:

"\* \* \* but this exclusion does not apply to the *principal named insured* or his relatives *while occupying* or if struck by an *automobile owned by an insured named in the schedule* or his relatives."

(Emphasis supplied).

The first part of paragraph (b) excludes from coverage an insured while occupying an automobile owned by a named insured but not listed in the policy as an insured automobile. Both parties to the instant proceeding acknowledge that plaintiff is the principal named insured, that he owned the vehicle in question and that vehicle was not a listed insured automobile. Therefore, the first part standing alone clearly excludes plaintiff from coverage.

The second part of paragraph (b) limits the exclusionary provisions of the first part by stating that the principal named insured (plaintiff) is not excluded from coverage while occupying an automobile owned by an "insured named in the schedule."

The schedule referred to is found on the first page of the endorsement below the name of the policyholder who in this case is the plaintiff. The schedule provides a blank space which is captioned:

"Designation of named insured for purposes of this endorsement [see Insuring Agreement II(a)]"

Insuring Agreement II(a) provides in part:

"(a) 'insured' means:

(1) the named insured as stated in the policy (herein also referred to as the 'principal named insured') and any person designated as the named insured in the schedule * * *"

■■■ The above definition and therefore, the schedule in the endorsement, provide for two separate and distinct categories of insureds, the "principal named insured" and an "insured named in the schedule." The latter category obviously includes those additional persons whom the policyholder or principal named insured (plaintiff) desires to cover by listing them separately on the endorsement. However, this category by definition excludes the principal named insured since he is already covered.

The apparent purpose of this separate designation is to require additional disclosure and premiums for coverage extending beyond the principal named insured and his insured automobile as listed in the policy.

Since the motorcycle was not a vehicle owned by an insured named in the schedule but was owned by the principal named insured, the exception to the exclusion is not applicable to him and plaintiff is excluded from coverage.

Plaintiff next contends in the alternative that the policy is ambiguous and therefore, should be construed most strongly against defendant. Plaintiff argues that the second part of paragraph (b) completely nullifies the first part.

If we had accepted plaintiff's original interpretation of the second part of paragraph (b) as defining "insured named in the schedule" to include "principal named insured," plaintiff's contention would have been correct. However, since we have already held otherwise, we find that no ambiguity exists.

Plaintiff next contends that an exclusion in an uninsured motorist policy precluding the principal named insured from policy benefits because of his operating an owned vehicle, not named in the policy, is contrary to the public policy of this state. Plaintiff cites Ill. Rev. Stat. 1969, ch. 73, § 755(a) (Uninsured or hit-and-run motor vehicle coverage) as an expression of that public policy. Section 755(a) provides that an automobile liability policy must contain coverage against injury or death caused by uninsured and hit-and-run vehicles.

■■ We find no conflict between the public policy of this state as evidenced by Section 755(a) and the exclusionary provisions of the uninsured motorist endorsement in the present policy. Section 755(a) makes it mandatory for the issuing insurance companies to assume liability for an additional risk (uninsured motorists) on automobile liability policies.

However, we find no intention nor public policy in Section 755(a) to increase the insurance companies' exposure as to the automobile covered beyond that of the basic policy. The uninsured motorist endorsement in question follows the general pattern of the basic policy provisions issued plaintiff by defendant. All provisions exclude from coverage the operation of an automobile owned by the named insured which has not been designated in the policy.

Plaintiff next contends that the trial court erred in not requiring defendant to file an answer and that, therefore, the trial court was without knowledge as to the "complete make-up of the proceeding." Plaintiff seeks to further illustrate this contention by stating:

"For example, the factual setting of the case may be such that the motorcycle plaintiff was riding was a substitute vehicle. Under the terms of the policy, plaintiff would be covered on a substitute vehicle even though it was a non-insured vehicle."

The trial record reveals that in plaintiff's "Reply to Defendant's Brief in Support of Motion to Dismiss or Transfer," plaintiff states "There is no question in this cause as to whether or not this plaintiff, the insured, in this cause was riding a motorcycle *owned by him.*" (Emphasis supplied).

Under Section II(b)(2) of the "Insuring Agreements" in the uninsured motorist endorsement, a substitute vehicle is covered as an insured automobile. However, it is further provided under sub-paragraph III of the same heading that "an automobile *owned by the principal named insured*" (Emphasis supplied) is not to be considered an insured automobile under Section II(b) (substitute vehicle). Therefore, we find no merit in plaintiff's example.

■■ We similarly find no merit in the breadth of plaintiff's contention. The trial court was confronted with the issue of whether the complaint stated a cause of action based upon the policy. In this regard plaintiff cannot seek to rehabilitate his complaint by relying on defendant's answer.

■■ Plaintiff next contends that the trial court violated Section 2 of Article II of the Constitution of the State of Illinois by interpreting the policy in defendant's favor and thus depriving plaintiff of property without due process of law. Since this point was not raised in the trial court it may not be presented here. (*City of Chicago v. Shell Oil Co.,* 29 Ill.2d 136, 139 (1963)).

Therefore the judgment of the trial court is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.