Nancy **VANTINE**, Administratrix of Estate of Dean J. Vantine, Plaintiff,

v.

**AETNA CASUALTY & SURETY COMPANY, Defendant.**

**Civ. No. 70 S 127.**

United States District Court,
N. D. Indiana,
South Bend Division.

Nov. 5, 1971.

---

Vincent P. Campiti, of Crumpacker, May, Levy & Searer, South Bend, Ind., for plaintiff.

John T. Mulvihill, John A. Burgess, James P. Harrington, of Thornburg, McGill, Deahl, Harman, Carey & Murray, South Bend, Ind., for defendant.

## MEMORANDUM

GRANT, Chief Judge.

Plaintiff, as administratrix of decedent's estate, brings an action to determine the liability of defendant insurer on an automobile liability policy issued to the decedent. Plaintiff's decedent was killed in a highway accident 2 April 1970 when his owned but uninsured motorcycle collided with another motorcycle driven and owned by an uninsured third party.

At the time of the accident the defendant's policy, which named two four-wheel vehicles owned by the decedent, provided the following "uninsured motorists coverage" in material part:

> Aetna Casualty will pay all sums which the Insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the Insured, caused by accident and arising out of the use of such uninsured highway vehicle.

The policy also contained an exclusion to uninsured motorist coverage which purported to exclude liability as to "bodily injury to an insured while occupying a vehicle (other than an insured automobile) owned by the named insured . . . ."

In effect at the time in question was an Indiana statute, "Motor vehicle liability non-insured vehicle coverage", which provided in material part:

> No automobile liability policy shall be issued unless coverage is provided, under policy provisions approved by the Commissioner of Insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, including death. Provided, that the named insured shall have the right to refuse such coverage (in writing) . . . . Burns' Ind. Stat.Ann. § 39–4310, IC 1971, 27–7–5–1.

Plaintiff and defendant move for Summary Judgment on the question of coverage under the instant policy, plaintiff asserting that the exclusionary provision is in conflict with the above-cited

statute and thus void, and defendant arguing that the exclusion does not offend the statute and must be given effect. Following submission of extensive briefs by both parties, a stipulation of facts, and oral argument, the Court took its decision under advisement and now renders judgment in plaintiff's favor.

■ There is no question that an internal construction of the policy would preclude coverage for injuries sustained by the decedent. Nationwide Mutual v. Akers, 340 F.2d 150 (4th Cir. 1965). Plaintiff's peripheral argument charging that the exclusion is invalid on the basis of ambiguity and adhesiveness fails in light of cases like Farber v. Great American, 406 F.2d 1228 (7th Cir. 1969), which upheld a similar exclusion against the same contentions asserted by plaintiff herein.

■■ Although there is no Indiana authority directly on point, analogous Indiana decisions and the current trend of foreign jurisdictions support plaintiff's principal argument. It is clear that a state statute providing for uninsured motorist coverage takes precedence over any conflicting, more restrictive, provision included in an insurer's policy terms. Further, such a statute is considered to be remedial in nature, and thus it is entitled to be liberally construed. Lastly, approval of an insurance contract by a state officer charged with administering insurance matters does not bind the court. Indiana Insurance Company v. Noble, 265 N.E.2d 419 (Ind.App.1970); Patton v. Safeco Insurance Co., 267 N.E.2d 859 (Ind.App. 1971); State Farm Ins. v. Auto. Underwriters Ins., 371 F.2d 999 (7th Cir. 1967); Widiss, A Guide to Uninsured Motorist Coverage (1970).

Defendant urges that the Indiana uninsured motorist statute is directed towards ensuring coverage against losses incurred by an insured when he drives a declared vehicle, and that the risk is not expanded to include coverage for accidents involving owned but uninsured vehicles. This view is supported by some jurisdictions. See National Union Indem. Co. v. Hodges, 238 So.2d 673 (Fla.

1970); McElyea v. Safeway Ins. Co., 266 N.E.2d 146 (Ill.1970); Nationwide Mutual Insurance Co. v. Akers, supra.

■ Defendant's position ignores the clear meaning of the Indiana statute which mandates coverage "for the protection of persons insured", a requirement which in our view must be observed irrespective of the insured's proprietory and insurance interest in the vehicle he happens to be driving. A contrary rule would violate clear public policy, serve no legitimate business interest, and conflict with better reasoned law. Aetna Insurance Co. v. Hurst, 2 Cal.App.3d 1067, 83 Cal.Rptr. 156 (1969); Widiss, supra, § 2.9. Defendant's argument would, as one court observed, create the anomalous situation of precluding coverage where the insured happens to be using an owned, non-insured vehicle, while permitting a recovery if the insured were injured while driving a declared vehicle, or on horseback, or on his front porch, or while occupying a non-owned car furnished by a friend for his regular use. Motorist Mutual Ins. Co. v. Bittler, 14 Ohio Misc. 23, 235 N.E.2d 745 (1968).

Defendant's reliance upon Ely v. State Farm Ins. Co., 268 N.E.2d 316 (Ind. App.1971), is misplaced. Relying on Illinois authority, the Indiana court holds that the "physical contact" requirement of the defendant's uninsured motorist coverage is not unreasonable and does not unduly restrict Indiana's statute. The "hit and run" restriction upheld by the court, which is currently under attack in a number of jurisdictions, has consistently been sustained on the basis that it serves as a necessary precaution against fraudulent claims, a legitimate business purpose. Ely, supra, at page 319; see 25 A.L.R.3d 1302; Widiss, supra, §§ 2.41, 3.9. Additionally, the limitation discussed in Ely is more directly relevant to proof of causation, negligence, and the question of whether the insured has standing to sue; defendant's exclusion in the case before us arbitrarily excludes an entire class of drivers totally unrelated to substantive issues of liability embraced by the statute.

It does not follow that because the *Ely* court recognized Illinois law for the purposes stated above, the Indiana courts would approve of McElyea v. Safeway Ins. Co., supra, which sustained an "owned but uninsured" exclusion as consistent with an uninsured vehicle statute similar to Indiana's. The *McElyea* rule is presented without any supporting authority and clearly is heavily influenced by an internal construction of the insurance contract, little respect being paid to the effect of a conflicting statutory provision. *McElyea,* at page 150. In at least two jurisdictions, courts have determined that an "owned but uninsured" exclusion, or other similar restrictions, violates uninsured motorist statutes while giving effect to a "physical contact" limitation. Appleton v. Merchants Mutual Ins. Co., 16 A.D.2d 361, 228 N.Y.S.2d 442 (1962); Matter of Bellavia, 28 Misc.2d 420, 211 N.Y.S.2d 356 (1961); *Hurst,* supra. (Calif.App.); Inter-Ins. Exchange of Auto. Club v. Lopez, 238 Cal.App.2d 441, 47 Cal.Rptr. 834 (1966).

Accordingly, summary judgment should be, and the same is hereby granted in plaintiff's favor.