285 So.2d 767 (1973)
James W. LOWERY, a minor, by and through James L. Lowery, Father and Next Friend
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 47303.
Supreme Court of Mississippi.
November 26, 1973.
Rehearing Denied January 14, 1974.
Liston & Upshaw, J.E. Ellis, Jr., Winona, for appellant.
Wise, Carter, Child, Steen & Caraway, William M. Dalehite, Jr., Jackson, for appellee
*768 RODGERS, Presiding Justice.
This case came to this Court from the Circuit Court of Montgomery County, Mississippi. Appellant James W. (Daniel) Lowery, a minor, filed suit against State Farm Mutual Automobile Insurance Company, a nonresident insurance company. The suit was based upon the terms of an insurance policy issued by the defendant insurance company to the plaintiff's father, James L. Lowery, providing insurance upon his son, a member of his family. The policy contained an agreement by which the insurer agreed to provide insurance coverage under what is known as the uninsured motorist clause. The clause in this policy is in the following language:
"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle ..."
The appellant contended in the trial court and contends here that the insurance company was and is indebted to him for injuries sustained as a result of an accident in which he was injured by an uninsured motorist.
The appellant was at the time alleged to have been riding and operating, in a careful and prudent manner, a Honda motor bike on U.S. Highway 51, and through no fault of his own, he was struck by a 1963 Ford being driven by Joe Palmertree. It is said that as a result of said accident, the plaintiff, James W. Lowery, was sorely hurt and seriously injured in his left leg and body; that his injury required medical expenses in the sum of fourteen hundred dollars ($1,400.00); and that he will incur future expenses because of the injuries inflicted on the plaintiff by Joe Palmertree, who was an uninsured motorist under the terms and meaning of the policy. The plaintiff contended that since he lives in the household of his father, he is insured under the terms of the policy against injury resulting from the negligent acts of an uninsured motorist. The case was tried upon a stipulated statement of facts and a copy of the insurance policy.
The parties stipulated the following agreement:
"It is hereby agreed and stipulated by and between counsel for Plaintiff and counsel for Defendant as follows:
1. That State Farm Mutual Automobile Insurance Company issued an automobile liability policy to Mr. James L. Lowery;
2. That Danny Lowery is the son of James L. Lowery and Danny resides in the same household with his father;
3. That on the day of the accident in question, the policy was in full force and effect;
4. That Danny was struck by an uninsured motorist;
5. That at the time of the accident Danny was operating a motorcycle owned by him;
6. That the motorcycle was not insured;
7. That the motorcycle was not listed on the declaration page of the policy;
8. That Danny's injuries would justify a Five Thousand Dollars award; and
9. That the maximum limits contained in the policy in question under its uninsured motorist endorsement is Five Thousand Dollars.
In addition, Your Honor, please, we would stipulate that insofar as this case is concerned, that the legal liability of the accident was caused by the uninsured motorist.
We will offer as a general exhibit, by agreement, a certified copy of the policy in question."
*769 This case was submitted to the trial judge on a question of law. The trial judge ruled in favor of the insurance company, holding that the terms of the policy did not cover the alleged injury.
The issue here is: Does the insurance policy cover an insured owner of an automobile and the members of his family who are injured while riding in or on another motor vehicle not mentioned in the insurance policy?
The insurance policy here involved listed only the family automobile as the "owned motor vehicle" within the meaning of that term as defined in the policy. The policy contains the following:
"Owned Motor Vehicle  means the motor vehicle or trailer described in the declarations, and includes a temporary substitute automobile, a newly acquired automobile, and, provided the described motor vehicle is not classified as `commercial', under coverages A, B, C and M, a trailer (as defined herein) or a detachable living quarters unit owned by the named insured or his spouse, if a resident of the same household." (Emphasis added)
The automobile described in the declaration as a "Described Automobile" is "Plym 69 4 DR 7835."
The policy also contains the following clause:
"This insurance does not apply ... to bodily injuries to an insured while occupying or through being struck by a land motor vehicle owned by a named insured or any resident of the same household, if such vehicle is not an owned motor vehicle, ..."
Assuming, as we must, since appellee agrees that James W. Lowery, the appellant, was covered under the terms of the policy, as being a member of named insured's household, the issue resolves itself into two questions of law: Was the accident in which appellant was injured such an accident as was contemplated by the terms of the policy, and if so, do the terms of the policy violate the mandatory requirements of Sections 8285-51 and 8285-52, Mississippi Code 1942 Annotated (Supp. 1972) [Mississippi Code 1972 Annotated § 83-11-101 and § 83-11-103]?
In the outset, it is apparent under the terms of the policy that the owned motor vehicle described in the policy must have been an automobile; moreover, it must have been either the automobile listed in the declarations of the policy or (1) a temporary substitute automobile or (2) a newly-acquired automobile. Finally, the automobile must be owned by the named insured or his spouse, if living in the same household.
It is obvious from the facts as concluded by the appellant that the appellant was clearly within the terms of the exclusionary provision of the policy. He was riding a motorcycle which he owned, and this motor vehicle was not an "owned motor vehicle" as set out in the declaration of the motor vehicle insured.
This then brings us to the question of law as to whether or not the terms of the instant policy conflict with the Mississippi statutes requiring all automobile liability insurance policies to contain an uninsured motorist provision.
There are two sections of the Mississippi Uninsured Motor Vehicle Act that are relevant to the issue here involved. They are Sections 8285-51[1] and 8285-52[2], Mississippi *770 Code 1942 Annotated (Supp. 1972) [Mississippi Code 1972 Annotated § 83-11-101 and § 83-11-103].
Before discussing the cases relevant to the issue, the general public policy considerations must be set out. The most recent pronouncement of this Court on the policy of the Uninsured Motorist Act comes from Rampy v. State Farm Mutual Automobile Insurance Co., 278 So.2d 428 (Miss. 1973):
"In interpreting similar, if not identical statutes, the vast majority of jurisdictions have stated that the purpose of such uninsured motorist laws is to provide protection to innocent insured motorists and passengers injured as a result of the negligence of financially irresponsible drivers.
`* * * Its purpose is to give the same protection to the person injured by an uninsured motorist as he would have had if he had been injured in an accident caused by an automobile covered by a standard liability policy. Such provisions are to be liberally construed to accomplish such purpose.'" 278 So.2d at 432.
This statement of policy is in line with numerous decisions in other states as well as the policy as stated by the text writers. It is this policy as well as the wording of the statutes that must be measured against the exclusionary clause in the present case. As the court stated in Travelers Indemnity Company v. Powell, 206 So.2d 244 (Fla. App. 1968):
"Numerous decisions construing various provisions of insurance contracts have held that this public policy is violated by any restrictive language inserted in an insurance policy having the effect of defeating the purpose and intent of the statute, and such provisions must be considered nugatory and void." 206 So.2d at 246.
*771 In discussing the relevant cases in other jurisdictions, the following approach will be used. The cases supporting the appellant's position will be discussed first, since this appears to be supported by the greater weight of authority, followed by the decisions supporting the position of the appellee, State Farm.
Although the uninsured motorist acts of all the states are very similar, there are some variations in the wording that affect the applicability of the various cases. The similarities and differences of the statutes will be pointed out when it is necessary.
The critical language for purposes of the present case is found in Section 8285-52 [§ 83-11-103], supra, in the definition of "insured":
"... [T]he term `insured' means the named insured and, while resident of the same household, the spouse of any such named insured, and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, express or implied, of the named insured, the motor vehicle to which the policy applies, and a guest in such motor vehicle to which the policy applies, or the personal representative of any of the above; ..."
The most persuasive cases come from states with similar statutory definitions. The Virginia uninsured motorist statutes define "insured" exactly as the Mississippi act.
The Supreme Court of Appeals of Virginia was called upon to interpret this provision in Allstate Insurance Company v. Meeks, 207 Va. 897, 153 S.E.2d 222 (1967).
"It will be observed that the language of subsection (c) is plain and unambiguous. It first includes within the term `insured,' `the named insured * * * while in a motor vehicle or otherwise.' Here the language used does not limit or restrict the coverage to the named insured while he is in or operating the vehicle covered by the policy. On the contrary, the coverage extends to him while he is `in a motor vehicle,' that is, in any motor vehicle, `or otherwise.'
Under the next language of subsection (c) the term `insured' includes `any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies.' Here coverage to a permissive user and a guest is limited to the use of the `vehicle to which the policy applies.'
... [T]he General Assembly, in enacting this statute, intended to create two classes of insured persons with different benefits to each; that the first class includes the named insured `while in a motor vehicle or otherwise,' and the second class includes those who use, with the consent, expressed or implied, of the named insured, the vehicle to which the policy applies and those who are guests in such vehicle." 153 S.E.2d at 223-224.
A similar factual situation was involved in the case of Gulf American Fire and Casualty Company v. McNeal, 222 Ga. 454, 154 S.E.2d 411 (1967). There the court held that although the plaintiffs were hit by an uninsured motorist while riding in a car not covered under their policy, they could still recover. The Georgia Code, § 56-407A(b), defines "insured" exactly as the Mississippi Code. The court held that this language created two classes of "insureds":
"The latter class are insured persons under Code § 56-407A only when the `insured automobile' is involved. The former class are insured persons even where the `insured automobile' is not in any way involved in the insured's injuries." 154 S.E.2d at 416.
In the California case of Aetna Insurance Company v. Hurst, 2 Cal. App.3d, 1067, 83 Cal. Rptr. 156 (1969), the facts were very close to the present case. The husband sued the wife's insurer pursuant to the uninsured motorist provision in her *772 policy. The husband was riding his uninsured motorcycle at the time of the accident and the wife's policy only covered her car. An exclusion in the policy made it inapplicable to injuries incurred by an insured while occupying an automobile owned by an insured but not covered by the policy. Section 11580.2 of the California Code defined "insured" in two classes like the Mississippi Code:
"They are (1) the named insured and family, who are insured `while occupants of a motor vehicle or otherwise'; * * * Defendant Walter Hurst is a member of the first class. Under the unqualified language of the statute his coverage is not dependent upon whether or not he is in any kind of vehicle. The fact that he was riding an uninsured motorcycle thus has no bearing upon his coverage as defined by the statute." 83 Cal. Rptr. at 157-158.
The insurance company advanced one of the same arguments used by State Farm in the present case. The court answered in the following manner:
"Plaintiff makes the argument that public policy should not countenance an owner of two motor vehicles to pay for insurance on only one of them and recover benefits for his injuries sustained while operating the other. * * * But the argument fails in the face of a California statute which calls for uninsured motorist protection for the family of the named insured `while occupants of a motor vehicle or otherwise.'" 83 Cal. Rptr. at 158.
Accord, Lopez v. State Farm Fire and Casualty Company, 250 Cal. App.2d 210, 58 Cal. Rptr. 243 (1967).
The Supreme Court of South Carolina recently ruled on this issue in Hogan v. Home Insurance Company, 194 S.E.2d 890 (S.C. 1973). The court was presented with the question of whether or not an exclusionary clause in a policy may be applied so as to legally exclude uninsured motorist coverage to an insured while occupying an uninsured automobile owned by the named insured or a member of the same household. The precise issue was whether or not the exclusionary clause was in conflict with the uninsured motorist statute. The South Carolina statute was very similar to the Mississippi Act and the definition of "insured" was identical. See South Carolina Motor Vehicle Safety Responsibility Act, Section 46-750.31(2), Code Supplement. The court found that the language of the Code was plain and unambiguous:
"... [T]he foregoing definition, as applied to uninsured motorist coverage, refers to two classes of insureds with different coverage to each: (1) The named insured, his spouse and his or her relatives resident in the same household, `while in a motor vehicle or otherwise'; and (2) any permissive user or guest when occupying the insured motor vehicle. The members of the first class are covered at all times without reference to the use of the insured vehicle; while the members of the second are covered only while using, or a guest in, `[the] motor vehicle to which the policy applies.'" 194 S.E.2d at 891-892.
Speaking of the statutory definition of "insured", the court said:
"... `In the original formulation of this definition, the use of the words "while in a motor vehicle or otherwise" was appropriate, although probably unnecessary, to emphasize the legislative intention that the named insured, his spouse and his or her relatives residing in the same household should have the benefit of uninsured motorist coverage at all times, as distinguished from permissive users or guests who should be covered only when occupying the insured automobile.'" 194 S.E.2d at 892.
The court concluded that the policy exclusion was void since it imposed a limitation upon coverage provided by the statute.
Although the Florida statute does not define insured as does the Mississippi *773 Code, the cases from that jurisdiction are still persuasive. The appellee, State Farm, cited the case of National Union Indemnity Co. v. Hodges, 238 So.2d 673 (Fla. 1970) as authority for the validity of the exclusionary clause in the present case. This case was a decision by the Third District Court of Appeals of Florida and does in fact support appellee's position. However, this decision was quashed by the Florida Supreme Court in Hodges v. National Union Indemnity Company, 249 So.2d 679 (Fla. 1971). The court held that the exclusion was void because it was too uncertain and ambiguous.
Since the Hodges case, the Florida Supreme Court has ruled on a case very close to the facts at hand in Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971). The son was injured by an uninsured motorist while riding a Honda motorcycle owned by his mother and not covered by the insurance policy covering the parents' car. The son, by his father, sued the insurer pursuant to the uninsured motorist provision in the policy. Although the Florida statute does not define "insured", the policy contained a definition of insured similar to the Mississippi Code. The policy also contained the exact exclusion as is involved in the present case, which excludes from coverage an insured while occupying a land motor vehicle owned by named insured or any resident of the same household, if the vehicle is not specifically covered by the policy. The litigants admitted that the exclusion applied and would prevent coverage. The issue was whether or not this exclusion violated the public policy of Florida as manifested by F.S. Section 627.0851, F.S.A. The court concluded that the exclusion was void because it was contrary to the above cited statute. The court stated:
"Whenever bodily injury is inflicted upon named insured or insured members of his family by the negligence of an uninsured motorist, under whatever conditions, locations, or circumstances, any of such insureds happen to be in at the time, they are covered by uninsured motorist liability insurance issued pursuant to the requirements of Section 627.0851. They may be pedestrians at the time of such injury, they may be riding in motor vehicles of others or in public conveyances and they may occupy motor vehicles (including Honda motorcycles) owned by but which are not `insured automobiles' of named insured." 252 So.2d at 233.
The court cited with approval a statement in Travelers Indemnity Co. v. Powell, 206 So.2d 244 (Fla.App. 1968) involving a similar exclusionary clause. The court said:
"The Powells contend, and we agree, that the exclusion clause here is an invalid restriction because it is not the intent of the statute to limit coverage to an insured by specifying his location or the particular vehicle he is occupying at the time of injury." (Emphasis original) 206 So.2d at 246.
Another case with the same facts is Doxtater v. State Farm Mutual Automobile Ins. Co., 8 Ill. App.3d 547, 290 N.E.2d 284 (1972). Mr. Doxtater had an insurance policy on his automobile with an uninsured motorist provision. His son was injured in a collision between the motorcycle which he was operating and an uninsured motorist. A claim was filed against his father's insurer pursuant to the uninsured motorist provision. The insurance company denied coverage based on an exclusion in the policy identical to the exclusion in the present case. The issue before the Illinois Appellate Court was whether or not the exclusion conflicted with the state uninsured motorist provisions. The Illinois statute is similar to the Mississippi statute, except for the definition of "insured", which is absent from the Illinois version. Based on a prior State Supreme Court decision, the court held the exclusion was void.
"The expansive interpretation applied by a majority of that court leads us to conclude that, presented with the issue at *774 bar, our Supreme Court would interpret Section 143a of the Insurance Code as a direction to insurance companies to provide uninsured motor vehicle coverage for `insureds,' regardless of whether, at the time of injury, the insureds occupied or operated vehicles declared in the subject policy." 290 N.E.2d at 288.
The Supreme Court of Nevada was presented with the same issue in State Farm Mutual Automobile Ins. Co. v. Hinkel, 488 P.2d 1151 (Nev. 1971). Again, the son was injured while riding an uninsured motorcycle and sued on the basis of the uninsured motorist provision of his father's policy covering the family automobile. The policy contained the same exclusion as in this case and the insurance company denied liability on the basis of it. The court held:
"The expressed public policy of Nevada is that an insurance company may not issue an automobile or motor vehicle liability policy which does not protect the insured from owners or operators of uninsured motor vehicles, unless the named insured rejects such coverage. N.R.S. 693.115. The named insured, Donald Hinkel, did not reject coverage. Accordingly, he, and the `residents of his house, his spouse and the relatives of either,' were entitled to uninsured motorist protection without limitation. The effort by the appellant to restrict that protection by an exclusionary provision violates the expressed public policy." 488 P.2d at 1153.
The insurance company argued in that case that public policy should not permit an owner of two or more vehicles to pay for insurance on only one of them and recover damages incurred while operating one of the others. The Nevada Court answered:
"If our legislature had intended to prevent an owner of two motor vehicles from paying for insurance on only one and recovering benefits for his injuries sustained while operating the other, it could have followed the lead of the legislatures in some of the other jurisdictions and limited the coverage by providing that N.R.S. 693.115(1) did not apply to bodily injury suffered by the insured while occupying a motor vehicle owned by him, unless the occupied vehicle was an insured motor vehicle. Such an amendment would be the prerogative and responsibility of the legislature and not the function of this court." 488 P.2d at 1154.
In the case of State Farm Mutual Automobile Ins. Co. v. Robertson, 295 N.E.2d 626 (Ind. 1973), the Indiana Court of Appeals faced the same issue. Mr. Robertson had automobile insurance with uninsured motorist coverage. His son was killed while riding an owned, but uninsured motorcycle, and a claim was filed against the policy. State Farm denied coverage pursuant to the same exclusion as in the present case. The Indiana statute was similar to the Mississippi statute, except it did not contain a definition of "insured". The court held that the exclusion was void and violative of the public policy of the state. The court quoted from the federal case of Vantine v. Aetna Casualty & Surety Company, 335 F. Supp. 1296 (D.C.N.C.Ind. 1971):
"`Defendant's position ignores the clear meaning of the Indiana statute which mandates coverage "for the protection of persons insured" a requirement which in our view must be observed irrespective of the insured's proprietory and insurance interest in the vehicle he happens to be driving. A contrary rule would violate clear public policy, serve no legitimate business interest, and conflict with better reasoned law.'" 295 N.E.2d at 629.
The Supreme Court of Washington faced this issue in Touchette v. Northwestern Mutual Insurance Co., 80 Wash.2d 327, 494 P.2d 479 (1972). The plaintiff, while driving a vehicle not described in his parents' policy of insurance, collided with an uninsured motorist. The insurance company denied coverage based on an exclusion *775 similar to the one in the present case. The plaintiff claimed that the public policy of the state overrode the exclusionary language so as to cover a relative of the named insured's residing with them even though driving an automobile not specifically described in their policy. The court stated that the weight of modern authority supports plaintiff's position and agreed that the exclusionary provision was void.
The appellee in the present case, State Farm, relies in part on Rushing v. Allstate Insurance Company, 216 So.2d 875 (La. App. 1968) to support the validity of the exclusionary clause. The clause in the Louisiana case was similar to the one here, and the court did in fact hold that it prevented coverage on a set of facts similar to the present case. However, the most recent pronouncement of the Court of Appeals of Louisiana on this issue reaches a contrary result. In the case of Elledge v. Warren, 263 So.2d 912 (La. 1972) the facts were the same as the case at hand. In a well-reasoned opinion, the court held that the exclusionary clause was void and allowed recovery by the son against the insurance policy on his parents' car, even though he was riding an owned, but inunsured motorcycle at the time of the accident. The court stated:
"There is no requirement in the statute that the insured have any relation, at the time of the accident, with any vehicle he owns and that is insured with the insurer. The uninsured motorist protection covers the insured and the family members while riding in uninsured vehicles, while riding in commercial vehicles, while pedestrians or while rocking on the front porch." 263 So.2d at 918.
Professor Alan Widiss, in his treatise on uninsured motorist coverage, discusses the validity of the same exclusionary clause:
"Several courts have upheld this clause `as a legitimate business purpose of the company.' In other words, these decisions allow the insurer to withhold protection which would otherwise exist as a means of penalizing the claimant for owning and operating an uninsured vehicle  even though that status is completely unrelated to the claim under the uninsured motorist endorsement.
It is difficult to accept the propriety of such a restriction on coverage. First, the importance or value of the imputed business purpose for this exclusion seems tenuous as applied to the purchaser who owns more than one vehicle. Acquisition of insurance for a second vehicle is relatively inexpensive; therefore permitting the insurer to withhold coverage for the small return seems of dubious merit. Second, the acceptance of this exclusion as a `legitimate business purpose' of the insurer with respect to vehicles owned by relatives (residing in the same household) only follows if one expects that such relatives in the same household would buy insurance from the same company. This seems an unwarranted assumption. Third, insofar as the uninsured motorist coverage is in theory predicated solely on the negligence of the unrelated uninsured motorist, there seems to be little reason to impose a limitation other than that of fault. Fourth, this exclusion directly conflicts with a strong public policy which favors indemnification of accident victims unless they are responsible for the accident.
There seems to be a growing trend of decisions in which the courts have taken the position that such restrictions upon the coverage (so long as they are not specifically authorized by the state's uninsured motorist legislation) are against the public policy and therefore void." Widiss, A Guide to Uninsured Motorist Coverage, Section 2.9 at 28-29 (1969).
Although the greater weight of authority supports the appellant's position here, there are several cases which hold such exclusionary clauses valid. Professor Widiss characterizes those decisions as follows:
"Courts in several states have concluded that the exclusion precludes recovery. *776 In essence, these decisions are grounded on the rationale that where the uninsured motorist statute does not speak to the issue  that is, where a statute is silent in this regard  there is nothing which prevents insurers from withholding protection from an insured when he is occupying an uninsured vehicle owned by himself or a member of his family who resides with him. In other words, if the insured (or a resident family member) has opted to operate one or more vehicles without insurance, these courts have decided that insurance companies may withhold the uninsured motorist protection in the event an insured is injured while occupying such an uninsured vehicle." Widiss, A Guide to Uninsured Motorist Coverage, Section 2.9, at 13-14 (Supp. 1973).
The appellee, State Farm, cites the case of Barton v. American Family Mutual Ins. Co., 485 S.W.2d 628 (Mo. App. 1972). The facts there were similar to the present case. The son was killed while riding an uninsured motorcycle and a claim was filed against the parents' policy. The insurance company denied coverage on the basis of an exclusionary clause similar to the one in the instant case. The lower court ruled that the son came within the exclusion and recovery was denied. This was affirmed on appeal. However, the issues were not the same as the present case. The validity of the exclusionary clause in light of the state statute was not in issue. Appellant's contentions on appeal were that the exclusionary clause never effectively became part of the policy and the terms of the uninsured motorist endorsement were ambiguous and should be construed in favor of the insured. Furthermore, the Missouri uninsured motorist statute, § 379.203 R.S. Mo., does not define "insured" in two classes as does the Mississippi statute.
The case of Shipley v. American Standard Insurance Co. of Wisconsin, 183 Neb. 109, 158 N.W.2d 238 (1968) is similar to the Barton case. The injury was incurred on an uninsured motorcycle and a claim was made against a policy issued on a car. The court held that the exclusionary clause precluded recovery. Again, the validity of the statute in light of public policy was not in issue. Also, the Nebraska statutes do not define "insured" as does the Mississippi Code.
Another case relied upon by the appellee is Owens v. Allied Mutual Insurance Company, 15 Ariz. App. 181, 487 P.2d 402 (1971). The claimant owned two automobiles. The wreck occurred in the one not covered by the policy. Suit was initiated against the policy pursuant to the uninsured motorist provision. The insurance company denied coverage based upon an exclusion in the policy. The issue was whether or not the exclusion violated the policy of the statute. The court cited Rushing v. Allstate Insurance Company, 216 So.2d 875 (La. App. 1968); National Union Indemnity Co. v. Hodges, 238 So.2d 673 (Fla. 1970), and McElyea v. Safeway Insurance Co., 131 Ill. App.2d 452, 266 N.E.2d 146 (1970) as the basis for their decision, and said:
"We concur with the result reached in these decisions. We can see nothing in the statute which requires an insurer to extend uninsured motorist protection under one policy to a policyholder who has elected not to insure another vehicle owned by him, so as to give coverage at such times as he might be driving that uninsured vehicle." 487 P.2d at 403.
Subsequent cases have eroded the basis for the Arizona court's decision. The Rushing case was decided by a Louisiana Appellate Court in 1968. In 1972, a Louisiana Appellate Court reached the opposite result on the same issue in the case of Elledge v. Warren, 263 So.2d 912 (La. 1972) as discussed previously. The Hodges decision was quashed by the Florida Supreme Court at 249 So.2d 679 (Fla. 1971), and Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971) effectively overruled the prior Florida decisions upholding the validity of such exclusionary clauses. Finally, the McElyea decision was *777 effectively overruled by Doxtater v. State Farm Mutual Automobile Ins. Co., 8 Ill. App.3d 547, 290 N.E.2d 284 (1972) also discussed previously. Furthermore, the Arizona statute does not define "insured" as does the Mississippi statute.
In Stagg v. Travelers Insurance Co., 486 S.W.2d 399 (Tex. 1972) the Court of Civil Appeals held that an exclusionary clause did not violate the public policy of Texas. The claimant was injured while riding in an owned, but uninsured car, and sued the insurer of his other car. The precise issue was whether or not the exclusion violated the Texas Uninsured Motorist Statute. The exclusion read:
"This insurance does not apply: (b) to bodily injury to an insured while occupying a highway vehicle (other than an insured highway vehicle) owned by the named insured, any designated insured or any relative resident in the same household as the named or designated insured, or through being struck by such a vehicle, but this exclusion does not apply to the named insured or his relatives while occupying or if struck by a highway vehicle owned by a designated insured or his relatives." 486 S.W.2d at 400, Fn. 1.
The Court held that this exclusion was valid as a proper restriction on coverage. Two factors should be noted regarding this case. First, the Texas statute does not define "insured" in two classes as the Mississippi statute. Second, the court relies in part on appellate court decisions in Louisiana in 1965 and Florida in 1966. As was pointed out previously, subsequent cases have eroded the validity of those earlier decisions.
The Stagg decision was concurred with by another Texas Civil Appeals Court in Garcia v. Southern Farm Bureau Casualty Ins. Co., 490 S.W.2d 616 (Tex. 1973).
The most recent state Supreme Court decision upholding the validity of such exclusionary clauses was handed down by the Arkansas Supreme Court in May of 1973.
The case was Holcomb v. Farmers Insurance Exchange, 495 S.W.2d 155 (Ark. 1973). In that case, the husband owned a Ford and the wife owned a Plymouth. They both had separate liability insurance policies. The husband had uninsured motorist coverage on his Ford, but the wife had rejected such coverage on her car. They were both riding in the wife's car and were injured by an uninsured motorist. A claim was filed pursuant to the husband's policy. The insurance company denied coverage based on an exclusionary clause similar to the clause in the present case. The issue was whether or not the clause was contrary to public policy under Ark.Stat.Ann. § 66-4003 (Repl. 1966). The above cited statute does not define "insured" in two classes as does the Mississippi statute. The court cited Owens v. Allied Mutual Ins. Co., 15 Ariz. App. 181, 487 P.2d 402 (1971); McElyea v. Safeway Ins. Co., 131 Ill. App.2d 452, 266 N.E.2d 146 (1970), and Shipley v. American Standard Ins. Co. of Wisconsin, 183 Neb. 109, 158 N.W.2d 238 (1968) as authority for the validity of the exclusion. As pointed out previously, McElyea was overruled by Doxtater, supra. We have previously discussed the weaknesses of the Owens and Shipley cases. In short, the cases relied upon by the Arkansas court in reaching their decision are not good authority. The court held that the Meeks and Hurst decisions declaring such exclusions void were inapplicable because the Virginia and California statutes define "insured" in two classes and require coverage for the first class "while in a motor vehicle or otherwise." Since the Arkansas statute does not define "insured" in that manner, the court said the cases are distinguishable. It should be noted here that the Mississippi statute defines "insured" exactly as the Virginia and California statutes.
The great weight of authority supports the appellant's contention that the exclusionary clause in the present case violates the public policy of this state as manifested by the Mississippi Uninsured Motorist Act. We are impelled, therefore, to reverse the *778 judgment of the trial court. The parties have agreed that the appellant's injury would justify an award of five thousand dollars ($5,000.00); therefore, judgment will be entered here for that sum in favor of appellant, James W. (Daniel) Lowery, against the appellee.
Reversed and rendered.
INZER, ROBERTSON, WALKER and BROOM, JJ., concur.
NOTES
[1] No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Act, as amended, under provisions approved by the Commissioner of Insurance. Provided, however, that the coverage required herein shall not be applicable where any insured named in the policy shall reject the coverage in writing and provided further, that, unless the named insured requests such coverage in writing, such coverage need not be provided in any renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer. [Miss.Code 1942 Annotated (Supp. 1972) § 8285-51; Miss.Code 1972 Ann. § 83-11-101].
[2] As used herein, the term "bodily injury" shall include death resulting therefrom; the term "insured" means the named insured and, while resident of the same household, the spouse of any such named insured, and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies, and a guest in such motor vehicle to which the policy applies, or the personal representative of any of the above; and the term "uninsured motor vehicle" means a motor vehicle as to which there is (1) no bodily injury liability insurance or bodily injury liability insurance with limits less than the amounts specified in Section 1 [§ 8285-51], but it will be considered uninsured only for that amount between the limit carried and the limit required in Section 1 [§ 8285-51], (2) there is such insurance in existence but the insurance company writing the same has legally denied coverage thereunder, or is unable, because of being insolvent at the time of, or becoming insolvent during the twelve (12) months following, the accident, to make payment with respect to the legal liability of its insured within the limits specified in said Section 1 [§ 8285-51], or (3) there is no bond or deposit of cash or securities in lieu of such bodily injury and property damage liability insurance or other compliance with the State Financial Responsibility Law. Provided, however, no vehicle shall be considered uninsured that is owned by the United States Government and against which a claim may be made under the Federal Tort Claims Act as amended. A motor vehicle shall be deemed to be uninsured if the owner or operator thereof be unknown; provided, that in order for the insured to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured. The definition of the term "insured" given in this paragraph shall apply only to the uninsured motorist portion of the policy. [Miss.Code 1942 Ann. (Supp. 1972) § 8285-52; Miss.Code 1972 Ann. § 83-11-103].