**Larry D. RICHARDS, Plaintiff-Appellee, Cross-Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant-Appellant Cross-Appellee.**

No. 82–4006.

United States Court of Appeals, Fifth Circuit.

Dec. 13, 1982.

Rehearing and Rehearing En Banc Denied Jan. 10, 1983.

---

Floyd G. Hewitt, Jr., Biloxi, Miss., Harry R. Allen, Gulfport, Miss., for defendant-appellant.

William L. Denton, Donald C. Dornan, Jr., Biloxi, Miss., William C. Walker, Jr., University, Miss., for plaintiff-appellee.

Before CLARK, Chief Judge, RUBIN and WILLIAMS, Circuit Judges.

PER CURIAM:

Larry Richards filed this diversity suit against Allstate Insurance Company, seeking actual damages for injuries he sustained in a motorcycle accident and punitive damages for Allstate's bad-faith refusal to honor his claim for those injuries. The jury

returned a verdict of $2,500 in compensatory damages and $750,000 in punitive damages. The district judge subsequently ordered a remittitur of $375,000, which Richards accepted, albeit reluctantly. Allstate contends here that the award of punitive damages was without basis in Mississippi law. Richards cross-appeals, challenging the propriety of the remittitur. We affirm.

Mississippi law requires all automobile insurance policies to provide at least $10,000 coverage for personal injuries sustained in accidents caused by motorists who have no insurance. *See* Miss.Code Ann. § 83–11–101. The focal point of this litigation is Exclusion 2 of the policy issued by Allstate to Richards, which attempted to limit such coverage. This provision, which was for many years part of Allstate's standard Mississippi automobile policy, totally excluded from uninsured motorist coverage injuries suffered by an insured while occupying a vehicle owned by him but not specified as insured under his policy.

Allstate retained Exclusion 2 in its standard policy until 1981 despite the fact that in 1973 the Mississippi Supreme Court struck down a similar exclusion in another company's policy in *Lowery v. State Farm Mutual Automobile Insurance Co.,* 285 So.2d 767 (Miss.1973). Allstate officials admittedly were aware of the *Lowery* decision and its fatal effect on Exclusion 2. They did not, however, delete the exclusion from their standard policy. Nor did they make any effort to inform their insureds or their sales agents of the effect of *Lowery.* Instead, mid-level claims personnel were instructed to honor claims that otherwise would have been denied in reliance on Exclusion 2. Unfortunately, as the result of a series of mistakes, this procedure failed in Mr. Richards' case and his claim was denied.

The incident that gave rise to Richards' claim occurred in August of 1977. Early in that month he was injured in a motorcycle accident caused by the negligence of an uninsured motorist. After Richards contacted an Allstate sales agent in an unsuccessful attempt to recover for the damages to his motorcycle, he brought his accident to the attention of Pete Quave, who worked for Richards' retained counsel. Quave was an ex-employee of Allstate and had handled a similar claim while working there. He contacted Allstate on Richards' behalf and spoke with Marinella Davis, one of Allstate's telephone claims handlers, describing the accident and the terms of Richards' policy, including the fact that the motorcycle was not an insured vehicle. After discussing the case with her supervisor, Margaret Kessler, Davis informed Quave that Allstate planned to deny coverage in reliance on Exclusion 2. At this point Quave brought the *Lowery* decision to Davis' attention and urged her to reconsider. He then talked to Kessler, again emphasizing the effect of *Lowery* on Richards' claim. Quave also asked to speak to Cecil Snodgrass, who he knew was aware of *Lowery.* Because Snodgrass was unavailable, Quave asked Kessler to discuss the case with him. The message somehow got garbled in transmission, and Snodgrass concurred in the denial. After receipt of Allstate's letter of denial, Richards filed suit.

Allstate contends first that this is not a proper case for an award of punitive damages. The leading Mississippi case on punitive damages in an insurance claim setting is *Standard Life Ins. Co. of Indiana v. Veal,* 354 So.2d 239 (Miss.1978). There the court recognized that punitive damages are not to be awarded unless the breach of the insurance contract is attended by an intentional wrong or such gross negligence as to amount to an independent tort. But the court allowed punitive damages, finding that the company had denied a legitimate claim for a reason clearly contrary to the express provisions of the policy. The court equated gross negligence with a refusal to pay not based on a legitimate or arguable reason.

■ This circuit has recognized *Veal*'s two-part "legitimate or arguable reason" rule to mean that the absence of (1) a justifiable reason, or (2) an arguable basis under Mississippi law, for refusal to pay a valid claim creates a jury issue on punitive damages. *Black v. Fidelity & Guaranty*

*Insurance Underwriters,* 582 F.2d 984, 990–91 (5th Cir.1978). In this case we conclude that under *Veal* submission of the punitive damages issue to the jury was compelled by the proof.

At trial Richards alleged that three separate but related actions of Allstate justified a punitive award: (1) retention of the invalid Exclusion 2 in the standard Allstate policy; (2) failure to provide an adequate procedure to prevent erroneous denials; and (3) denial of Richards' claim itself. The jury was properly instructed on all three. We need go no further than the first allegation to uphold their verdict under the facts in this record.

■ As we have noted, the *Lowery* decision in 1973 invalidated Exclusion 2. Although aware of *Lowery,* Allstate decided not to delete the exclusion from its standard policy. Instead, a procedure was established within the claims department that Allstate thought would be adequate to prevent erroneous denial of claims that were valid but for Exclusion 2. The court instructed the jury that if they found an adequate procedure was established they could not assess punitive damages unless Richards proved that reliance on the procedure amounted to gross negligence.

Allstate urges that its procedure was successful in every case except Richards'. Even accepting this as true, this procedure provided no remedy for those policyholders who read Exclusion 2, assumed their injuries were not covered, and failed to file claims. Failure to delete Exclusion 2 in effect represented a corporate decision by Allstate not to inform its policyholders of undisclosed coverage required by Mississippi law. Whether this conduct was sufficiently culpable to justify an award of punitive damages was a question for the jury. The jury obviously believed that it was.

■ Allstate contends that retaining Exclusion 2 was justified in spite of *Lowery* and makes two arguments in support of this claim. Both are wholly without merit. First, Allstate asserts that Exclusion 2 was valid insofar as coverage in excess of that

required by law was concerned. But this does not explain the fact that Exclusion 2 eliminated all coverage, not just that above the statutory minimum. In this case, for example, Richards' claim was within the statutory minimum, but it was denied based on the language of Exclusion 2. Second, Allstate contends that Exclusion 2 was in effect erased by provision 5 of the policy, which stated: "[S]uch terms of this policy as are in conflict with statutes of the state in which this policy is issued are hereby amended to conform." In Allstate's view, this provision corrected any deficiency in the policy. Therefore, it contends that deletion of Exclusion 2 was not required. This argument strains credibility. If it were accepted, Allstate could include in its policies any sort of invalid exclusion and then rely on change provision 5 when challenged. This would mean that policyholders, not insurance companies, would bear the burden of keeping abreast of changes in the law. Clearly this is not the intent of Mississippi's insurance code.

Exclusion 2 as written and as retained in Allstate's policies from 1973 until well after 1977 was invalid under *Lowery.* Under the court's instructions the jury necessarily found that Allstate's failure to remove Exclusion 2 from its standard automobile policy until after this suit was filed was grossly negligent. This finding is supported by the proof.

■ Allstate also claims that the punitive award is excessive in light of the actual injuries suffered by Richards. Although the punitive award here, even after remitted to $375,000, may be characterized as unusually large where actual damages are only $2,500, this disproportionality does not mandate reversal.

Punitive damages are awarded not as compensation to the plaintiff but as "punishment for the wrongdoing of the defendant and as an example so that others may be deterred from the commission of similar offenses . . . ." *Snowden v. Osborne,* 269 So.2d 858, 860 (Miss.1972). Given the jury's determination that Allstate's actions were grossly negligent and that Allstate's finan-

cial statement disclosed its latest annual addition to surplus was $390,046,821 and its cumulated policyholders' surplus is $2,371,-135,879, we cannot say that the award of sixteen ten-thousandths of that surplus was greater than necessary to serve these twin rationales. *See Standard Life Ins. Co. of Indiana v. Veal,* 354 So.2d at 249. An additional consideration in determining whether a punitive award is excessive is whether the plaintiff has performed a public service by bringing the wrongdoer to account. *See Fowler Butane Gas Co. v. Varner,* 244 Miss. 130, 151, 141 So.2d 226, 233 (1962). Here Richards' suit has benefitted all Allstate policyholders by directly causing deletion of Exclusion 2 from the standard Mississippi policy. These factors, together with the fact that Mississippi has never articulated any requirement that punitive damages be rationally related to actual damages, convince us that the award was proper.

Finally, Richards contends that the district judge erred in ordering a remittitur of half of the jury's punitive award. Because Richards accepted the remittitur, however, he is barred from challenging it on appeal. *Donovan v. Penn Shipping Co.,* 429 U.S. 648, 97 S.Ct. 835, 51 L.Ed.2d 112 (1977). This is true whether the objection is voiced on appeal or cross-appeal. *Keene v. International Union of Operating Engineers,* 569 F.2d 1375, 1381 (5th Cir.1978). Therefore, we do not reach the merits of Richards' claim.

For the foregoing reasons, the decision of the district court is

AFFIRMED.