# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2023

Lyle W. Cayce
Clerk

No. 23-60183
Summary Calendar

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE
COMPANY, *formerly known as* METROPOLITAN DIRECT PROPERTY
and CASUALTY INSURANCE COMPANY,

*Plaintiff—Appellant*,

*versus*

JONATHAN ELIJAH YATES,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:22-CV-188

Before JONES, SMITH, and DENNIS, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff–Appellant Farmers Direct Property and Casualty Insurance
Company ("Farmers") appeals the district court's grant of summary judg-
ment in favor of Defendant–Appellee Jonathan Elijah Yates and declaration
that under Mississippi law Yates may "stack" four uninsured motorist

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-60183

("UM") coverage limits for four separate vehicles covered under the automobile policy of the owner of a vehicle in which Yates was injured. The parties filed an agreed stipulation of facts before the district court, stating that Yates suffered economic and non-economic damages in excess of $450,000 as a result of the single–vehicle accident. Yates was riding as a guest passenger in a vehicle leased by Mitzi and Garry Birks that was being driven around by their grandson, Camron Flynn—whose negligence caused the accident. Flynn is an "underinsured" motorist because his liability coverage does not cover Yates's total damages.

At the time of the accident, the vehicle in question was insured under a personal automobile insurance policy issued by Farmers, which covered four total vehicles belonging to the Birks. As relevant to this appeal, the policy states that "[t]he limit of liability shown in the Declarations for 'each person' is the most we will pay for all damages . . . due to [bodily injury] to any one person as the result of any one accident . . . is the most we will pay regardless of the number of . . . vehicles shown in the Declarations." Farmers argued that this provision expressly limits stacking.

The district court rejected this argument and found the provision to be void because it improperly imposed a blanket ban on stacking by all insureds in violation of the Mississippi Motor Vehicle Safety Responsibility Law ("MMVSRL"), which prohibits the limiting of stacking benefits by contract for Class I insureds, which includes the "named insured, and residents of the same household, his spouse and relatives of either, while in a motor vehicle or otherwise." *See* Miss. Code Ann. § 83-11-101(1); *Meyers v. Am. States Ins. Co.,* 914 So. 2d 669, 674 (Miss. 2005) ("we have always recognized the inherent entitlement of Class I insureds to stack coverage for which they contracted"). Because stacking is mandatory for Class I insureds, and the provision makes no distinction between Class I insureds and those

2

considered to be Class II insureds[1] because they are only covered because they were in the covered vehicle, the district court properly found the purported anti–stacking provision to be void as a matter of public policy. *See Harthcock v. State Farm Mut. Auto. Ins. Co.*, 248 So. 2d 456, 459 (Miss. 1971) ("The coverage afforded by these policies is mandatory under the statute and may not be cut down by a policy exclusion."); *see also Richards v. Allstate Ins. Co.*, 693 F.2d 502, 505 (5th Cir. 1982).

Even if the at–issue provision were not void, Farmers failed to include an express anti–stacking provision in compliance with *Meyers v. Am. States Ins. Co.*, 914 So. 2d 669, 673 (Miss. 2005). Although under Mississippi law Farmers could have limited the stacking available to insureds like Flynn—who is not a named insured under the policy but used the covered vehicle with the Birds' consent—here the insurance policy contained no express provision prohibiting stacking of uninsured motorist benefits. *Brewer By & Through Brewer v. Mississippi Farm Bureau Cas. Ins. Co.*, 328 So. 3d 721, 726 (Miss. Ct. App.), *reh'g denied* (Aug. 31, 2021), *cert. denied sub nom. Brewer v. Mississippi Farm Bureau Cas. Ins. Co.*, 329 So. 3d 1199 (Miss. 2021) ("[T]he absence of an express prohibition on stacking allows Brewer to stack the UM benefits of the vehicles insured under the same policy."); *see id.* (Valid anti–stacking provision must expressly state that coverage "*shall not be stacked, aggregated, pyramided or otherwise combined.*") (italics in original).

For these reasons, the judgment of the district court is AFFIRMED.

---

[1] It is undisputed that Yates is a Class II insured.