## Richmond

ALLSTATE INSURANCE COMPANY v. JAMES THOMAS MEEKS.

March 6, 1967.

Record No. 6363.

Present, All the Justices.

*R. V. Richardson* (*James, Richardson and James*, on brief), for the plaintiff in error.

*Harry J. Kostel* and *L. Wallace Sink* (*Jones, Blechman, Woltz and Kelly*, on brief), for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

This case involves the narrow issue whether the benefits under an uninsured motorist provision in a liability policy issued to a named insured on one motor vehicle owned by him extend to the named insured while he is operating another motor vehicle owned by him and not covered in such liability policy. The lower court held that in such circumstances the benefits do extend to the named insured. For the reasons to be stated, we affirm.

The appeal is before us on a stipulation of facts which may be

summarized thus: On March 20, 1963 Allstate Insurance Company issued to James Thomas Meeks a policy insuring him against liability for bodily injuries and property damage in the operation of a 1957 Ford sedan owned by him. The policy carried the usual uninsured motorist provisions required by Code, § 38.1-381(b), as amended.

On June 1, 1963, while Meeks was operating a 1954 Chevrolet sedan owned by him and on which no liability insurance policy had been issued, he was injured in a collision between the car driven by him and another driven by Percy Singleton. The car then operated by Singleton was uninsured.

In an action against Singleton, of which Allstate had notice, Meeks recovered a judgment for $3,287, with interest and costs, for damages for injuries sustained in the collision. Meeks then filed a motion for judgment against Allstate to recover this amount, claiming that he was entitled to do so under the uninsured motorist provision in the policy which had been issued to him covering the 1957 Ford sedan. Allstate denied liability to Meeks for such claim, on the ground that its coverage under the uninsured motorist provision in the liability policy issued to him on the 1957 Ford sedan did not extend to him while he was operating the other automobile. The lower court disagreed with this contention, held that coverage under the uninsured motorist provision extended to Meeks, and entered a judgment in his favor against Allstate for the amount claimed. We granted Allstate a writ of error.

Both sides agree that no question of the exclusion of the risk under the provisions of the policy is involved and that the determination of the matter turns on a proper interpretation of the applicable statute.

Code, § 38.1-381(b) [Repl. Vol. 1953], as amended,[1] provides: "Nor shall any such [liability] policy or contract [relating to ownership, maintenance or use of a motor vehicle] be so issued or delivered unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle," within prescribed limits.

Section 38.1-381(c), as amended,[2] defines the term "insured" as, "the *named insured* and, while resident of the same household, the spouse of any such named insured, and relatives of either, *while in a motor vehicle or otherwise*, and any person who uses, with the consent, expressed or implied, of the named insured, the motor ve-

(1) Acts of 1962, ch. 457, p. 748.
(2) Acts of 1962, ch. 457, p. 749.

hicle to which the policy applies and a guest in such motor vehicle to which the policy applies or the personal representative of any of the above." (Emphasis added.)

It will be observed that the language of subsection (c) is plain and unambiguous. It first includes within the term "insured," "the named insured * * * while in a motor vehicle or otherwise." Here the language used does not limit or restrict the coverage to the named insured while he is in or operating the vehicle covered by the policy. On the contrary, the coverage extends to him while he is "in a motor vehicle," that is, in any motor vehicle, "or otherwise."

Under the next language of subsection (c) the term "insured" includes "any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies." Here coverage to a permissive user and a guest is limited to the use of the "vehicle to which the policy applies."

This interpretation is in accord with our holding in *Insurance Company of North America* v. *Perry, Adm'r*, 204 Va. 833, 836, 837, 134 S. E. 2d 418, 420. There we pointed out that the General Assembly, in enacting this statute, intended to create two classes of insured persons with different benefits to each; that the first class includes the named insured "while in a motor vehicle or otherwise," and the second class includes those who use, with the consent, expressed or implied, of the named insured, the vehicle to which the policy applies and those who are guests in such vehicle. See also, 47 Va. Law Rev. 156, 157; 48 Va. Law Rev. 1185.

Allstate relies upon *Nationwide Mutual Ins. Co.* v. *Harleysville Mutual Cas. Co.*, 203 Va. 600, 125 S. E. 2d 840. The issues in that case were quite different from those in the present case. That case involved coverage to a guest riding in an insured vehicle. We held that such guest was not an insured in the *second class* of persons covered under the statute, because the car in which she was riding was not being driven with the consent, expressed or implied, of the named insured in the policy.

The present case involves coverage afforded to the named insured in the policy, a member of the *first class* under the statute. Here, as we have seen, coverage is not limited to the named insured while in the vehicle covered by the policy.

We are of opinion that in the present case the judgment complained of is plainly right and accordingly it is

*Affirmed.*