[Civ. No. 33775. Second Dist., Div. Four. Dec. 23, 1969.]

AETNA INSURANCE COMPANY, Plaintiff and Appellant, v. WALTER HURST et al., Defendants and Respondents.

COUNSEL

Bonelli & Brown and John G. Bonelli for Plaintiff and Appellant.

Warren & Adell and Hirsch Adell for Defendants and Respondents.

OPINION

**FILES, P. J.**—The facts are not in dispute. On September 7, 1965, defendant Walter Hurst, while operating an uninsured two-wheeled motorcycle owned by him, was involved in an accident with an uninsured motorist. Defendant Yolanda Hurst, who is Walter's wife, owned a Pontiac automobile, which had been insured by plaintiff. The policy included a coverage called "protection against uninsured motorists." Walter claimed that he sustained injuries caused by the negligence of the uninsured motorist. On that ground he sought indemnification under Yolanda's policy.

Plaintiff then brought this action seeking a declaration by the court that the provisions of its policy excluded coverage of Walter's claim.

The policy written for Yolanda contains, among other things, these

provisions with respect to uninsured motorists: "[Aetna Insurance Company agrees] To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, . . ."

" 'Insured' means: (a) the named insured and any relative; . . ."

"Exclusions. This policy does not apply under Part IV: (a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile; . . ."

Both sides agree Walter was an "insured" under Yolanda's policy.

■■ It was and is the contention of plaintiff that the motorcycle which Walter was operating was an "automobile" within the meaning of the exclusionary clause above quoted; and that since Walter was an insured, operating an uninsured "automobile" which he owned, he was not within the protection against uninsured motorists.

After a trial before the court sitting without a jury, the superior court concluded (a) Walter's motorcycle was not an automobile within the meaning of the insurance policy, and (b) in any event the exclusionary clause was ineffective because it conflicted with Insurance Code section 11580.2. Plaintiff is appealing from that judgment.

Section 11580.2 requires that, except in circumstances not applicable here, every policy of bodily injury liability insurance covering the use of a motor vehicle shall contain ". . . a provision . . . insuring the insured, his heirs or his legal representative for all sums within such limits which he or they, as the case may be, shall be legally entitled to recover as damages for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle."

The section further provides in subdivision (b): ". . . 'insured' means the named insured and the spouse of the named insured and relatives of either while residents of the same household while occupants of a motor vehicle or otherwise, heirs and any other person while in or upon or entering into or alighting from an insured motor vehicle and any person with respect to damages he is entitled to recover for care or loss of services because of bodily injury to which the policy provisions or endorsement apply; . . ."

■■ Section 11580.2 "becomes in effect a part of every policy of insurance to which it is applicable to the same effect as if it was written out

in full in the policy itself." (*Hendricks* v. *Meritplan Ins. Co.* (1962) 205 Cal.App.2d 133, 136 [22 Cal.Rptr. 682].) It follows that any policy provision which would narrow the coverage mandated by the statute will not be enforced. (*Hendricks* v. *Meritplan Ins. Co., supra*; see *Mission Ins. Co.* v. *Brown* (1965) 63 Cal.2d 508 [47 Cal.Rptr. 363, 407 P.2d 275].)

■ Section 11580.2, as it read in 1965, contained no exclusion like exclusion (a) in plaintiff's policy. The statutory definition of "insured," quoted above, describes two classes of persons whose bodily injuries are covered. They are (1) the named insured and family, who are insured "while occupants of a motor vehicle or otherwise"; and (2) other persons while in, upon, entering into or alighting from an insured motor vehicle. Defendant Walter Hurst is a member of the first class. Under the unqualified language of the statute his coverage is not dependent upon whether or not he is in any kind of vehicle. The fact that he was riding an uninsured motorcycle thus has no bearing upon his coverage as defined by the statute.

This is the interpretation adopted in two other states which have statutes containing the same definitions of "insured." (See *Allstate Ins. Co.* v. *Meeks* (1967) 207 Va. 897 [153 S.E.2d 222]; *Gulf American Fire & Cas. Co.* v. *McNeal* (1967) 115 Ga.App. 286 [154 S.E.2d 411].)

Plaintiff makes the argument that public policy should not countenance an owner of two motor vehicles to pay for insurance on only one of them and recover benefits for his injuries sustained while operating the other. Cases from other jurisdictions are cited in support of that philosophy. But the argument fails in the face of a California statute which calls for uninsured motorist protection for the family of the named insured "while occupants of a motor vehicle or otherwise."

The viewpoint urged by plaintiff in this case found favor with the Legislature in its 1968 session. At that time subdivision (c) of section 11580.2 was amended to read as follows:

"(c) The insurance coverage provided for in this section does not apply: . . . (6) To bodily injury of the insured while occupying a motor vehicle owned by an insured, unless the occupied vehicle is an insured motor vehicle. (7) To bodily injury of the insured when struck by a vehicle owned by an insured."

We cannot accept the contention of plaintiff that the 1968 Legislature merely "clarified" the existing law. The old language is not unclear, as it applies to the facts of this case. That language has been left unchanged. The old statute, enacted in 1959, contains five specific exclusions. The 1968 amendment adds two new ones, numbered "6" and "7." This is not a clarification, but a change in law.

In view of our determination that exclusion (a) of plaintiff's insurance policy was in conflict with the statute as applied to defendant Walter Hurst, it becomes unnecessary for us to undertake any interpretation of that clause.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.