Cox v. United States Fire Ins. Co.

[Cite as Cox v. U. S. Fire Ins. Co. (1974), 41 Ohio Misc. 128.]

(No. 73CV-08-3044—Decided August 27, 1974.)

Common Pleas Court of Franklin County.

*Messrs. Fontana, Ward, Kaps & Perry* and *Mr. William J. Melvin,* for plaintiff.
*Messrs. Williams, Murray, Deeg, Ketcham, Booker & Obetz,* for defendant.

WRIGHT, J. This matter is before the court on defendant's motion for summary judgment filed in a declaratory judgment action wherein the court is to declare the rights under the uninsured motorist provisions of an automobile liability policy purchased by the plaintiff from the defendant insurance company.

The court finds that the motion for summary judgment is properly made, as there is no genuine issue as to any material fact and judgment may be rendered as a matter of law to one of the parties upon resolution of the legal issues argued by memoranda. The parties have waived oral arguments and a formal hearing.

The agreed facts are that the insured-plaintiff received certain injuries in an accident on April 26, 1971, while operating a motorcycle which he owned but which was not a vehicle insured by insurer-defendant. The accident was alleged by plaintiff to have been caused by the negligence of a motorist who had no liability insurance coverage. Plaintiff filed a claim under the uninsured motorist provisions of an automobile liability insurance policy purchased from the defendant, which policy described only plaintiff's automobile, a Dodge Dart. The defendant has denied coverage under this policy on the basis that uninsured motorist coverage is excluded under its terms to an insured while occupying a highway vehicle owned by the named insured unless such vehicle is an insured automobile. The exclusionary provision is quoted in relevant part below:

"Exclusions. This policy does not apply:
"* * *

"Under the uninsured motorists coverage.

"(p) to bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured * * *."

Plaintiff has argued that ambiguity exists within the policy as to the exclusion, and that an ambiguity must be construed in favor of the insured. Authority for this long-established principle of insurance law is submitted via a recent Ohio Supreme Court decisoin, *Buckeye Union Ins. Co.* v. *Price* (1974), 39 Ohio St. 2d 95, which contains the following statement of law in the syllabus:

"Language in a contract of insurance reasonably susceptible of more than one meaning will be construed liberally in favor of the insured and strictly against the insurer."

The plaintiff proposes that this principle of law is applicable here for the reason that the words "to an insured" within the exclusion can be interpreted to refer to persons who are an "insured" and not to persons who are a "named-insured," such as the insured-plaintiff. These terms are defined in the definition section of the policy as follows:

" 'Named insured' means the individual or husband and wife in item 1 of the declarations, but if only one individual is named the term 'named insured' also includes his spouse, if a resident of the same household:

" 'Insured' means a person or organization described under 'Persons Insured.' "

The paragraph within the policy which is headed "Persons Insured" states:

"Persons Insured.

" * * *

"Under the uninsured motorist coverage, the following are insureds:

" (a) the named insured and any relative

" (6) any other person while occupying an insured automobile,

" (c) any person, with respect to damages * * *."

The above language clearly provides that the named insured is included within the term "insured" for purposes of uninsured motorist coverage which would certainly include the exclusion thereto. The applicable rule of law in this respect is stated at 30 Ohio Jurisprudence 2d 215, Insurance, Section 205:

"The question of construction of a contract of insurance, as of the construction of contracts generally, can arise only when the language of the contract is in need of construction. If the language employed is ambiguous and clear, there is no occasion for construction. Where the meaning of a contract of insurance can be fully and clear-

ly ascertained from the words of the contract itself, the court may not resort to surrounding circumstances or the conduct of the parties for aid in its interpretation. This means that the terms of an unambiguous insurance policy cannot be enlarged or diminished by judicial construction, since the court cannot make a new contract for the parties where they themselves have employed express and unambiguous words. Stated differently, the court has the duty to enforce insurance contracts as made by the parties, and not to rewrite or to distort, under the guise of judicial construction, contracts the terms of which are unambiguous, so long as they do not offend some rule of law or contravene public policy, since courts do not exercise a guardianship over contracting parties.''

There is no ambiguity here. An exclusion clause containing almost identical language was specifically found to be unambiguous in *Vantine* v. *Aetna Casualty and Surety Co.* (1971), 335 F. Supp. 1296.

Plaintiff further suggests that R. C. 3937.18, which took effect on January 1, 1966, mandates that liability insurance companies issue uninsured motorist coverage as a condition to the privilege of selling automobile liability insurance in Ohio, and that the exclusion in question is repugnant to that legislative mandate. R. C. 3937.18(A) provides, as follows:

''(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motion vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 4509.20 of the Revised Code, under provisions approved by the Superintendent of Insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including

death, resulting therefrom; provided that the named insured shall have the right to reject such coverage; and provided further that, unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer.

A determination as to whether a policy exclusion such as is here in question violates the public policy expressed in R. C. 3937.18 has not yet been squarely presented in the reported cases of Ohio. However, a direction is indicated to this court from related decisions. A review of the pertinent cases follow.

A widely-cited Common Pleas Court decision, *Motorist's Mut. Ins. Co.* v. *Bittler* (1968), 14 Ohio Misc. 23, was not directly concerned with R. C. 3937.18, as that case involved an automobile accident on November 20, 1961, prior to the enactment of this legislation, and was also not directly concerned with the contractual intent expressed by an exclusion such as is at hand, as no such exclusion was contained in the policy. The court however, did make this observation, at page 33:

"The court appreciates that under the decision herein the uninsured motorists coverage would cover a named insured while he is operating or occupying another otherwise uninsured automobile owned by him. Item 1 of the endorsement so provides.

"Since the uninsured motorists protection chiefly constitutes indemnification in the nature of personal accident insurance for the named insured, there is, *in the absence of any special provision or exclusion,* no need for his procuring and paying for two such contracts for one injury. This special indemnification contract becomes effective because a third person, not the named insured, operates an automobile without bodily injury liability coverage." (Emphasis added.)

The above emphasized language indicated that the absence of an exclusion leads to coverage and implied that

the presence of such an exclusion would parenthetically lead to a lack of coverage. R. C. 3937.18 had been enacted and was discussed in this decision, but the court gave no indication that such an exclusion would conflict with the legislation.

The Ohio Supreme Court was later presented with a question of coverage involving an automobile accident which also occurred prior to the effective date of R. C. 3937.18 in *Ohio Farmers Ins. Co.* v. *Wright* (1969), 17 Ohio St. 2d 73. The policy in that case also contained no exclusion clause such as at hand, and the court's holding in this regard is contained in paragraph two of the syllabus:

*"In the absence of specific language of limitation* in an automobile insurance policy or in an uninsured motorist endorsement thereto, providing that the benefits of such endorsement shall not be received by a named insured if using another vehicle owned by him, coverage thereunder is not excluded merely because at the time of injury the named insured was using a second motor vehicle, owned by him, which was included as an insured automobile under other provisions of the automobile insurance policy but was not included under the endorsement, and for which no extra premium had been paid for uninsured motorist coverage." (Emphasis added.)

The Supreme Court also implied that an exclusion would be binding as a matter of policy construction and discussed R. C. 3937.18, but stated, at page 78, that "no interpretation of that statute is involved herein, since the accident under consideration took place in 1964."

The Court of Appeals for Franklin County was presented with an issue calling for interpretation of an exclusion such as that at hand in *Buckeye Union Ins. Co.* v. *Bradley* (1972), 33 Ohio App. 2d 144. The central issue decided by the court was that an insured was not excluded, as a matter of policy construction, when operating a vehicle owned and furnished for the insured's regular use by the United States Postal Service. In view of the fact that the accident occurred on April 22, 1969, subsequent to the effective date of R. C. 3937.18, the court's discussion

of what it *does* construe the exclusion to encompass is instructive, as it gives no indication that the exclusion is contrary to the public policy expressed through the legislation requiring uninsured motorist coverage, the Court commented, at page 150, as follows:

"We feel that such exclusion as found in the policy is written for, and applicable to, other automobiles as owned by the insured, or a relative of the insured, which other automobile is not set forth or named in the policy. Such type of clause was undoubtedly inserted in this policy form by the insurance company to avoid coverage on any other vehicle as owned by the insured which is not specifically referred to as covered by the uninsured motorist endorsement.

"Such inclusion could well have been precipitated by the holding of *Ohio Farmers Ins. Co.* v. *Wright, supra,* which held, in effect, that in the absence of such exclusion another vehicle owned by the insured was covered under such uninsured motorist endorsement."

The Court of Appeals for Franklin County recently brought up and discussed the applicability of an almost identical exclusion, although it had not been presented by the parties' briefs. This decision, *Midwest Mutual Ins. Co.* v. *Motorist Mutual Ins. Co.,* case No. 74AP-55, was rendered on June 25, 1974, is as yet unreported and an appeal was allowed by the Ohio Supreme Court on October 4, 1974 (case No. 74-681).

The central issue of the case was whether two insurers were required to share in paying a claim which arose out of injuries caused by an uninsured motorist on March 16, 1972. It is again significant that R. C. 3937.18 was in force at that time, and there was no indication given by the court that the public policy manifested by the legislation was violated by the exclusion it discussed.

The public policy of other states as expressed by legislation similar but not identical to R. C. 3937.18 and interpreted by the courts of those states, appears to be in conflict as to whether such an exclusion is repugnant thereto. See 12 Couch, Cyclopedia of Insurance Law (2 Ed.), Section

45:645 and Supplement and 7 Appleman, Insurance Law and Practice, Section 4331, and Supplement.

A comprehensive and instructive discussion of the variations in statutory language requiring uninsured motorist insurance and the conflicting interpretations of public policy so expressed by the respective state legislatures was recently reported in *Lowery* v. *State Farm Mut. Auto. Ins. Co.* (Miss. 1974), 285 So. 2d 767. In that case, the Supreme Court of Mississippi discused decisions throughout the country, and, based on what it found to be the "great weight of authority" and the public policy manifested by the Mississippi Uninsured Motorist Act, found that the following quoted policy exclusion conflicted with that public policy and was, therefore, void.

"This insurance does not apply * * * to bodily injuries to an insured while occupying or through being struck by a land motor vehicle owned by a named insured or any resident of the same household, if such vehicle is not an owned motor vehicle * * *."

The two sections of the Mississippi Uninsured Motor Vehicle Act which were relevant and discussed by the court are quoted below and may be compared to the Ohio legislation:

"No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement of provisions under taking to pay *the insured* all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Act, as amended under provisions approved by the Commissioner of Insurance. Provided, however, that the coverage required herein shall not be applicable where any insured named in the policy shall reject the coverage in writing and provided further, that, unless the named insured requests such coverage in writing, such coverage need not be provided in any renewal policy where the named insured had rejected the coverage in connection with a policy pre-

viously issued to him by the same insurer. [Miss. Code 1942 Annotated (Supp. 1972) Sec. 8285-51: Miss. Code 1972 Ann. Sec. 83-11-101.]''

''As used herein, the term 'bodily injury' shall include death resulting therefrom; the term *'insured' means the named insured and, while resident of the same household, the spouse of any such named insured, and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies, and a guest in such motor vehicle to which the policy applies, or the personal representative of any of the above*; and the term 'uninsured motor vehicle' means a motor vehicle as to which there is (1) no bodily injury liability insurance with limits less than the amounts specified in Section 1 [Sec. 8285.51], but it will be considered uninsured only for that amount between the limit carried and the limit required in Section 1 [Sec. 8285.51], (2) there is such insurance in existence but the insurance company writing the same has legally denied coverage thereunder, or is unable, because of being insolvent at the time of, or becoming insolvent during the twelve (12) months following, the accident, to make payment with respect to the legal liability of its insured within the limits specified in said Section 1 [Sec. 8285.51], or (3) there is no bond or deposit of cash or securities in lieu of such bodily injury and property damage liability insurance or other compliance with the State Financial Responsibility Law. Provided, however, no vehicle shall be considered uninsured that is owned by the United States Government and against which a claim may be made under the Federal Tort Claims Act as amended. A motor vehicle shall be deemed to be uninsured if the owner or operator thereof be unknown; provided, that in order for the insured to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured. *The definition of the term 'insured' given in this paragraph*

*shall apply only to the uninsured motorist portion of the policy* [Miss. Code 1942 Ann. (Supp. 1972). Sec. 8286.52; Miss. Code 1972 Ann. Sec. 93-11-103.] (Emphasis added.)

The Mississippi Court indicated that the critical language in these sections was in the definition of ''insured,'' which language has been emphasized above. This language was interpreted by the court to show an intent by the Legislatuie to create two classes of insured persons, with the first of those classes being covered by uninsured motorist insurance regardless of whether the ''insured automobile was involved in the accident or not.'' The court, at page 771, referred to an interpretation of this definition of ''insured'' which was made by the Supreme Court of Appeals of Virginia in *Allstate Ins. Co.* v. *Meeks* (1969), 207 Va. 897, 153 S. E. 2d 222:

''It will be observed that the language of subsection (c) is plain and unambiguous. It first includes within the term 'insured,' 'the named insured * * * while in a motor vehicle or otherwise.' Here the language used does not limit or restrict the coverage to the named insured while he is in or operating the vehicle covered by the policy. On the contrary, the coverage extends to him while he is 'in a motor vehicle,' that is, in any motor vehicle, 'or otherwise.'

''Under the language of subsection (c) the term 'insured' includes 'any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies.' Here coverage to a permissive user and a guest is limited to the use of the 'vehicle to which the policy applies.'

''* * * [T]he General Assembly, in enacting this statute, intended to create two classes of insured persons with different benefits to each; that the first class includes the named insured 'while in a motor vehicle or otherwise,' and the second class includes those who use, with the consent, expressed or implied, of the named insured, the vehicle to which the policy applies and those who are guests in such vehicle.'' 153 S. E. 2d at 223-224.

This decision by the Mississippi Supreme Court and

the most persuasive decisions cited in it are bottomed upon the above-described definition of "insured" which was interpreted by the courts to establish a public policy precluding an exclusion such as is presently in question. The absence of such a definition of "insured" from R. C. 3937.18 is certainly indicative that the Ohio Legislature did not intend a like manifestation of public policy. An examination of its language indicates that the uninsured motorists coverage required by R. C. 3937.18 is "* * * for the protection of persons insured thereunder * * *," with "thereunder" referring to the liability policy coverage. It is clear that the injured person in this case could not claim liability coverage while riding his own motorcycle through a policy which named only his Dodge Dart automobile. The public policy manifested by the language of R. C. 3937.18 requires that he be no more an "insured" for purposes of uninsured motorist coverage than for purposes of liability coverage as to an owned motor vehicle not named in the policy. The exclusion in question does not, therefore, conflict with the public policy manifested by the legislation.

The defendant's motion for summary judgment is sustained. Defendant's counsel is to submit a judgment entry consistent with this decision and pursuant to Court Rule 39.01.

*Judgment for defendant.*