PARIENTE, Judge.
Appellants (plaintiffs) appeal from a final summary judgment which denied them uninsured motorist benefits under two separate policies written by appellee USAA Casualty Insurance Company (USAA) and appellee United Southern Assurance Company (USAC). We reverse because the express terms of both policies provide uninsured motorist coverage to plaintiffs with no exclusion for injuries suffered while occupying an owned and unlisted vehicle.
FACTS
Plaintiffs are husband and wife who resided together in Damascus, Virginia. Plaintiff *74 Jeanenne Bryan was the named insured on a family automobile policy written on a vehicle owned by her and garaged in Virginia. That policy was issued by USAA and delivered in Virginia. Plaintiff Charles Bryan owned a Kenworth tractor which, according to the Bryans, was leased to Digby Truck Line, Inc. (Digby). Digby was a named insured on a commercial trucker’s policy issued by USAC. While driving his Kenworth tractor in Bro-ward County, Florida, Charles Bryan sustained severe bodily injuries as the result of an automobile accident involving an uninsured motorist.
THE USAA POLICY
We first address the USAA policy under which Charles Bryan, as the spouse of Jeanenne Bryan, was a Class I insured under the express terms of the policy. The policy expressly defines “named insured” as including the spouse, if a resident of the same household. The USAA policy also contains an “Uninsured Motorists (Virginia)” endorsement which provides that USAA would pay in accordance with Virginia law:
[A]ll sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured or property damage, caused by accident and arising out of the ownership, maintenance or use of such uninsured motorist vehicle.
Although the main policy contains an exclusion for injuries received while occupying an owned vehicle not insured under the policy, the Virginia uninsured motorist endorsement contains no such exclusion and specifically provides that “none of the ... Exclusions ... of the policy shall apply to the insurance afforded by this endorsement.” The endorsement also provides that “this endorsement replaces any other provisions of the policy” affording similar insurance.
By the very terms of the uninsured motorist endorsement contained in the policy, the Bryans are entitled to uninsured motorist coverage even though the vehicle occupied by Mr. Bryan was not insured under the policy. This policy, issued in Virginia to a Virginia resident, should be construed in accordance with Virginia law under the lex loci contractus rule. See Lumbermens Mut. Casualty Co. v. August, 530 So.2d 293 (Fla.1988). Affording-the Bryans uninsured motorist coverage under the express terms of their policy is in conformity with Virginia statutory law[1] and with Virginia decisional law. Virginia’s highest court has held that:
[T]he legislature, in enacting the uninsured motorist statute, intended to create two classes of insured persons, with different benefits accruing to each class. The first class includes the named insured and, while resident of the same household, the spouse of any such named insured, and relatives of either. A member of this class is protected, ‘while in a motor vehicle or otherwise.’
Insurance Co. of North America v. Perry, 204 Va. 833, 134 S.E.2d 418, 420 (1964). In Allstate Ins. Co. v. Meeks, 207 Va. 897, 153 S.E.2d 222, 222 (1967), the Virginia Supreme Court addressed “the narrow issue whether the benefits under an uninsured motorist provision in a liability policy issued to a named insured on one motor vehicle owned by him extend to the named insured while he is operating another motor vehicle owned by him and not covered in such liability policy.” The Virginia Supreme Court held that coverage did extend to the named insured who was “a member of the First class under the [uninsured motorist] statute.” Id. 153 S.E.2d at 224.
*75 In this case, Mr. Bryan, like Mr. Meeks, was injured while operating a vehicle owned by him and on which no liability insurance policy had been issued. Mr. Bryan, who as the spouse of Mrs. Bryan was a “member of the First class,” is likewise entitled to uninsured motorist coverage.
In denying coverage, USAA argues that it should not be required to pay uninsured motorist benefits when no additional premium was paid to cover Mr. Bryan’s Kenworth tractor. This argument is devoid of merit because it is undisputed that a premium was paid for the policy and neither the terms of the policy nor Virginia law requires that the vehicle be listed and the premium increased to afford uninsured motorist coverage to a Class I insured.
Affording uninsured motorist coverage to Mr. Bryan in accordance with the policy issued by USAA and in conformity with Virginia law does not offend Florida public policy or conflict with Florida case law. See Government Employees Ins. Co. v. Douglas, 654 So.2d 118, 120 (Fla.1995). By virtue of section 627.727(9)(d), Florida Statutes (1995), an insurer writing a Florida insurance policy may exclude coverage for uninsured motorist coverage under circumstances such as these provided that the insurer complies with the requirement of notice to the insured, obtains a knowing acceptance of the limited coverage, and files revised, decreased premium rates for such policies. Douglas, 654 So.2d at 120. No such compliance occurred here, even assuming Florida law applied.
Because the express terms of the USAA policy provide coverage for uninsured motorist coverage in conformity with Virginia law, we reverse the entry of summary judgment for USAA and remand with directions to enter judgment for plaintiffs on the issue of their entitlement to uninsured motorist coverage under the USAA policy.
THE USAC POLICY
On the issue of entitlement to uninsured motorist benefits under the USAC policy, plaintiffs argue that Mr. Bryan was covered because at the time of the accident he was occupying his tractor which was leased to Digby. USAC counters that because Mr. Bryan was not a listed lessor under the policy for whom a separate premium was paid, he cannot be covered by its policy.
The parties stipulate that Colorado law applies to the policy’s interpretation. The courts of that state have held that “[a]nalysis of an insurance contract begins with the intent of the parties as expressed in the plain language of the policy. The terms are to be construed as they would be understood by a person of ordinary intelligence.” General Ins. Co. of America v. Smith, 874 P.2d 412, 414 (Colo.Ct.App.1993) (citing Simon v. Shelter Gen. Ins., 842 P.2d 236 (Colo.1992)); see Union Ins. Co. v. Houtz, 883 P.2d 1057 (Colo.1994). “[A] court cannot rewrite an unambiguous policy or limit its effect by a strained construction.” General Ins., 874 P.2d at 414.
Prior to the subject accident, Digby was made an additional named insured on a commercial auto coverage policy issued by USAC. The declarations page of the USAC policy entitled “COMMERCIAL AUTO COVERAGE PART: TRUCKERS DECLARATIONS” lists the schedule of available coverages with numerical codes next to each available coverage. The numerical code 47 is listed next to the line for uninsured motorists coverage. The policy then contains a description for each numerical code. According to the “Truckers Coverage Form,” code “47” represents “HIRED ‘AUTOS’ ONLY” which are defined as “only those ‘autos’ you lease, hire, rent or borrow.” If, as plaintiffs contend, the Kenworth tractor was leased to Digby, the Kenworth tractor would therefore be a “covered auto” for purposes of uninsured motorist protection.
The Colorado Uninsured Motorists Coverage endorsement, which is part of the USAC commercial auto policy, provides uninsured motorist coverage for anyone “occupying” a covered auto. Because Mr. Bryan occupied the Kenworth tractor at the time of the accident, he would be an insured for purposes of uninsured motorist protection. These provisions providing uninsured motorists coverage are unambiguous.
USAC asserts that we must look to all the provisions of its policy to determine the existence of coverage. In support of its position, USAC points to an “Additional Insured— Lessor” endorsement as the appropriate *76 form to be used to add a lessor as an additional insured. However, USAC has not indicated where in the USAC policy it states that a leased vehicle is not a “hired” vehicle, and thus a covered auto for uninsured motorist protection, unless it is individually scheduled on the “Additional Insured — Lessor” endorsement.
A comparison of the description of codes 46 and 47 further supports an interpretation that leased vehicles need not be individually scheduled to be covered for uninsured motorist coverage. Autos covered under code 47 are described only as autos “you lease, hire, rent or borrow.” There is no restriction limiting this coverage to scheduled vehicles anywhere in the policy. By comparison, code 46 is defined as autos “specifically described” in Item 3 of the declarations page “for which a premium charge is shown.”
We do not find that the existence of the “Additional Insured — Lessor” endorse7 ment creates an ambiguity as to whether a leased vehicle must be individually listed to provide uninsured motorist coverage. But even if an ambiguity were created due to conflicting provisions in the policy, that ambiguity must necessarily be construed against the drafter under Colorado law. See Union Ins., 883 P.2d at 1061.
Accordingly, we conclude that the policy affords plaintiffs uninsured motorist coverage if the Kenworth tractor was in fact leased to Digby at the time of the accident. USAC contends that this fact was not conclusively established in the court below. Plaintiffs concede that evidence of the lease is not in the record before us. We thus reverse the entry of summary judgment for USAC and remand for a determination only as to whether the Kenworth vehicle was leased to Digby at the time of the accident. If this fact is established, a judgment should be entered in favor of plaintiffs on the issue of their entitlement to uninsured motorist coverage under the USAC policy.
REVERSED AND REMANDED.
KLEIN and GROSS, JJ., concur.

. Section 38.2-2206, Code of Virginia Annotated, provides:
A. [Except for an exception not relevant here], no policy or contract of bodily injury or property damage liability insurance relating to the ownership, maintenance, or use of a motor vehicle shall be issued or delivered in this Commonwealth to the owner of such vehicle or shall be issued or delivered by any insurer licensed in this Commonwealth upon any motor vehicle principally garaged or used in this Commonwealth unless it contains an endorsement or provisions undertaking to pay the insured all sums that he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits not less than the requirements of s 46.2-472.