# CIRCUIT COURT OF THE CITY OF RICHMOND

Marcellus D. Jones

v.

Allstate Insurance Co.

January 10, 2000

Case No. LE-1840-1

BY JUDGE MELVIN R. HUGHES, JR.

The plaintiff has filed a motion for summary judgment in this case, and it has been briefed and argued. The defendant is an insurance company which provided insurance coverage to a vehicle which the plaintiff was occupying as a guest at the time of an accident which occurred on May 14, 1996. The issue in the case is whether the vehicle is uninsured due to events occurring after the accident.

On the date mentioned, plaintiff was riding in the vehicle which was then operated by Christopher Dean Robinson. The vehicle crossed the center line, crossed back, hit an embankment, and overturned. Plaintiff was injured and brought a claim against Robinson. The trial occurred in May 1998 and resulted in a verdict in plaintiff's favor for $55,000. While the case was pending, the defendant denied liability coverage to Christopher Dean Robinson based upon lack of cooperation. Following judgment on the verdict, plaintiff demanded of the defendant that it pay the judgment but the defendant refused.

Essentially, the defendant argues that viewing Va. Code § 38.2-2206, the statute covering uninsured motorists, and the provisions in the policy, it is evident that the General Assembly did not intend that a vehicle could be uninsured as to itself. In other words, what is intended, the defendant maintains, is that there be another vehicle causing injury which is involved

and uninsured before the required uninsured provision in an insurance policy is implicated. As noted, at the time plaintiff was injured, the vehicle in which he was riding was insured. It is only afterwards that Robinson did not cooperate and the defendant then refused to provide coverage.

Counsel has represented that no Virginia Supreme Court case has addressed the question. Uninsured motorist coverage is mandated by § 38.2-2206. A reading of the statute makes clear that the General Assembly intended to provide for insurance protection to two classes of persons in automobile cases. The first class includes the named insured and others residing in the household including a spouse and relatives. The second class includes those who are guests in a vehicle to which the policy applies. *See Allstate Ins. Co. v. Mieks*, 207 Va. 897 (1967). Here, however, the defendant relies on language in the policy which sets up the meaning of an "uninsured motor vehicle" as one not having legally mandated liability coverage applicable at the time of the accident. There is nothing in § 38.2-2204 that leads the court to conclude that the statute's protection is not extended to a situation where there was coverage in place at the instant the accident happens but later disclaimed by subsequent events involving the tortfeasor's failure to cooperate. This, along with the legion of cases that hold that the uninsured motorist law is enacted to benefit injured persons who do not have coverage and should be liberally construed compel the result that plaintiff's motion for summary judgment should be granted. *See Tudor v. Allstate Ins. Co.*, 216 Va. 918, 921 (1996); *Grossman v. Glens Falls Ins. Co.*, 211 Va. 195, 197 (1970).