23 Cal.Rptr.3d 44 (2005)
125 Cal.App.4th 599
Robert W. DAUN, Plaintiff and Appellant,
v.
USAA CASUALTY INSURANCE COMPANY, Defendant and Respondent.
No. D043793.
Court of Appeal, Fourth District, Division 1.
January 4, 2005.
Review Denied March 16, 2005.[*]
*45 O'Mara & Padilla, San Diego, and Michael Padilla, for Plaintiff and Appellant.
Shifflet, Kane & Konoske, Gregory P. Konoske, San Diego, and D. Amy Akiyama, for Defendant and Respondent.
McINTYRE, J.
In this appeal we address the question of whether the California uninsured motorist statute (Ins.Code, § 11580.2) allows an insurer to properly exclude uninsured or underinsured motorist coverage where the insured is injured by an uninsured motorist or underinsured motorist while the insured operated a motor vehicle with less than four wheels. (All undesignated statutory references are to the Insurance Code.) We conclude this exclusion contravenes public policy because it impermissibly narrows the scope of UM and UIM coverage and we therefore reverse the judgment in favor of the insurer.

FACTUAL AND PROCEDURAL BACKGROUND
The following facts are undisputed: A vehicle driven by an UIM struck Robert W. Daun while he was riding a two-wheeled motorcycle owned by the City of San Diego and furnished to him for his regular use as a police officer. Daun did not own or lease the motorcycle and he was acting within the course and scope of his employment at the time of the accident. USAA Casualty Insurance Company (USAA) had issued Daun an automobile insurance policy that included UM and UIM coverage; however, Daun did not include the motorcycle as an insured vehicle under the policy.
Daun's USAA policy contained UM and UIM limits of $30,000; however, the motorist who struck Daun had a liability limit of only $15,000 per person and this sum has been paid to Daun and his employer, which had a subrogation claim for workers' compensation benefits. Daun's policy contained an exclusion denying UM and UIM coverage where "you or any family member is the operator of any self-propelled vehicle with less than four wheels that is not insured for this coverage under *46 this policy." USAA relied on this exclusion when it denied Daun's claim for coverage under his policy.
Daun filed this action alleging a violation of Business and Professions Code section 17200 and the parties agreed to submit the matter for trial on stipulated facts. The trial court entered judgment in favor of USAA after it concluded there was no coverage under the policy and hence, no violation of Business and Professions Code section 17200. Daun timely appealed.

DISCUSSION

General Legal Principles and Standard of Review
This action presents an issue of law regarding interpretation of section 11580.2 as applied to undisputed facts. Our review is de novo (Murphy v. Padilla (1996) 42 Cal.App.4th 707, 711, 49 Cal.Rptr.2d 722) and begins "with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.]" (People v. Flores (2003) 30 Cal.4th 1059, 1063, 135 Cal.Rptr.2d 63, 69 P.3d 979.) To determine legislative intent, we must examine the words of the statute, giving them their usual and ordinary meaning and construing the words and clauses in the context of the statute as a whole. (People v. Murphy (2001) 25 Cal.4th 136, 142, 105 Cal.Rptr.2d 387, 19 P.3d 1129.) "We are not free to give the words of a statute a definition `different from the plain and direct import of the terms used.' [Citation.] Rather, it is our role to ascertain the meaning of the words used, not to insert what has been omitted or otherwise rewrite the law to conform to an intention that has not been expressed. [Citation.]" (Gray Cary Ware & Freidenrich v. Vigilant Insurance Co. (2004) 114 Cal.App.4th 1185, 1190, 8 Cal.Rptr.3d 475.)
With these general principles in mind, we must evaluate whether section 11580.2 permits the exclusion contained in the USAA policy.

Analysis
California law requires owners and operators of automobiles "to be `financially responsible' (usually by means of insurance) for any" bodily injury or property damage that they may cause. (King v. Meese (1987) 43 Cal.3d 1217, 1220, 240 Cal.Rptr. 829, 743 P.2d 889.) Despite this law, financially irresponsible motorists remain and individuals injured by such motorists are frequently unable to recover damages. To address this problem, California law requires insurance policies covering the ownership, maintenance, or use of any motor vehicle to also provide coverage for damages caused by the operation of an uninsured or underinsured motor vehicle. (§ 11580.2.)
Unless the insurer and named insured execute a written waiver in the statutory form (§ 11580.2, subd. (a)(2), (3)), section 11580.2 becomes part of every motor vehicle liability insurance policy (Kincer v. Reserve Ins. Co. (1970) 11 Cal.App.3d 714, 718-719, 90 Cal.Rptr. 94) and sets forth a mandatory minimum required by law. (Mid-Century Ins. Co. v. Gardner (1992) 9 Cal.App.4th 1205, 1219-1220, 11 Cal.Rptr.2d 918.) A policy that purports to limit or provide more restrictive coverage will not be given effect. (Id. at p. 1220, 11 Cal.Rptr.2d 918, citing McKinney v. Farmers Ins. Exch. (1973) 32 Cal.App.3d 947, 949, 108 Cal.Rptr. 581; Aetna Ins. Co. v. Hurst (1969) 2 Cal.App.3d 1067, 1070, 83 Cal.Rptr. 156 [any policy provision narrowing the coverage mandated by section 11580.2 is unenforceable].)
Section 11580.2 mandates two separate types of coverage  UM and UIM coverage. UM coverage requires the insurer to *47 pay its insured, up to specified limits, damages for bodily injury or wrongful death the insured would be entitled to recover from the owner or operator of an uninsured motor vehicle. (§ 11580.2, subd. (a)(1).) UIM coverage allows an insured to recover from his or her own insurer the difference between the amount of the insured's own underinsured motorist policy limits and whatever is available from the negligent driver's liability insurance. (§ 11580.2, subd. (p)(2); Viking Ins. Co. v. State Farm Mut. Auto. Ins. Co. (1993) 17 Cal.App.4th 540, 548, 21 Cal.Rptr.2d 590.)
UM and UIM coverage, if not waived, protects "the insured, the insured's heirs or legal representative ...." (§ 11580.2, subd. (a)(1).) Thus, section 11580.2 defines coverage in terms of the "insured" and not the insured's occupancy of any particular type of motor vehicle. The statute then defines who is an "insured" entitled to coverage.
Where the named insured is an individual, section 11580.2, subdivision (b) provides different definitions of an "insured" for purposes of this subdivision, depending on the relationship of the person seeking coverage to the named insured. Specifically, the named insured and his or her family members living in the same household are covered "while [they are] occupants of a motor vehicle or otherwise," whereas the coverage afforded "any other person" is limited to when he or she is "in or upon or entering into or alighting from an insured motor vehicle...." (§ 11580.2, subd. (b).) Thus, section 11580.2 creates two distinct classes of insured individuals. The phrase "or otherwise" gives broad coverage to members of the first class of insureds when they are injured by an uninsured or underinsured motorist's neglect without reference to an insured motor vehicle or possibly, any motor vehicle. (Lopez v. State Farm Fire & Cas. Co. (1967) 250 Cal.App.2d 210, 212, 58 Cal.Rptr. 243 [coverage applied to relative living in the named insured's household struck by an uninsured motor vehicle while a pedestrian].)
Daun falls into this class of insureds and USAA's reliance on the definition of "insured motor vehicle" contained within subdivision (b) of section 11580.2 as a basis for denying coverage is clearly erroneous. Stated differently, the definition of "insured motor vehicle" only becomes relevant when an UM or UIM injures any person other than the named insured and his or her family members living in the same household.
Hence, Daun is entitled to UM or UIM coverage under the plain language of the statute unless one of eight statutory exemptions from the required primary or excess coverage applies. (§ 11580.2, subd. (c).) One such exemption excludes coverage for injuries suffered by the named insured or family members while occupying a car owned by the named insured, but not covered under the policy. (§ 11580.2, subd. (c)(6).) This exclusion prevents the owner of two motor vehicles from paying for insurance on only one of them and recovering benefits for injuries sustained while operating the other. (Interinsurance Exchange v. Velji (1975) 44 Cal.App.3d 310, 315, 118 Cal.Rptr. 596.) Although USAA cites a number of decisions addressing this specific exemption or insurance policy provisions paralleling this exemption, these cases are inapposite because Daun did not own the motorcycle he was operating when struck by the UM or UIM. (Hartford Casualty Ins. Co. v. Cancilla (1994) 28 Cal.App.4th 1305, 1308-1309, 34 Cal.Rptr.2d 302; Rong v. Ohio Security Ins. Co. (1986) 182 Cal.App.3d 1030, 1034, 227 Cal.Rptr. 751; Harrison v. California State Auto. Assn. Inter-Ins. *48 Bureau (1976) 56 Cal.App.3d 657, 662-663, 128 Cal.Rptr. 514.)
Another exemption that is potentially relevant to the instant facts specifically exempts from coverage "bodily injury of the insured while in or upon or while entering into or alighting from a motor vehicle other than the described motor vehicle if the owner thereof has insurance similar to that provided in this section." (§ 11580.2, subd. (c)(2), italics added.) This provision is designed, in part, to prevent double recovery where more than one policy's UM or UIM protection is involved. (California State Auto. Assn. Inter-Ins. Bureau v. Huddleston (1977) 68 Cal.App.3d 1061, 1067-1068, 137 Cal.Rptr. 690.) As noted by USAA, this exemption would apply but for the fact that the motorcycle was permissively self-insured. We must apply the statute as written and, as conceded by USAA, this exemption does not apply.
Having established that Daun is entitled to UM or UIM coverage under the plain language of the statute and that none of the eight statutory exemptions applies, we turn to the exclusion contained within his policy eliminating UM and UIM coverage where he "or any family member is the operator of any self-propelled vehicle with less than four wheels that is not insured for this coverage under this policy." Daun claims this exclusion is against public policy because it impermissibly narrows the scope of UM and UIM coverage required by statute. We agree.
"The purpose of [section 11580.2] is `to protect one lawfully using the highway by assuring him of payment of a minimum amount ... for bodily injury caused by the actionable fault of another driver.' [Citation.]" (Hartford Fire Ins. Co. v. Macri (1992) 4 Cal.4th 318, 324, 14 Cal.Rptr.2d 813, 842 P.2d 112, citing Fireman's Fund etc. Co. v. Ind. Acc. Com. (1964) 226 Cal.App.2d 676, 677-678, 38 Cal.Rptr. 336.) In furtherance of this purpose, the statute requires that every "motor vehicle" liability insurance policy issued in California contain a minimum amount of UM and UIM coverage. (§ 11580.2, subds. (a)(1), (n).) This coverage can only be deleted or modified to provide lower coverage limits or exclude certain persons if the insurer and named insured agree in writing to such deletion or modification (§ 11580.2, subds. (a)(1), (p)(7)) and the agreement complies with the statutory requirements regarding form and content. (§ 11580.2, subd. (a)(2), (3).)
Freedom to contract should not be unduly restricted and agreements will not be declared void as against public policy unless they clearly contravene public policy as declared by statutory enactment or judicial decisions. (Jensen v. Traders & General Ins. Co. (1959) 52 Cal.2d 786, 795, 345 P.2d 1, citing Spangenberg v. Spangenberg (1912) 19 Cal.App. 439, 446, 126 P. 379.) Here, section 11580.2 reflects the strong public policy of this state that motor vehicle liability insurers compensate their insureds for injury or death caused by the negligence of motorists who are uninsured or underinsured. As such, policies providing more restrictive coverage will be unenforceable.
For example, in Aetna Ins. Co. v. Hurst, supra, 2 Cal.App.3d 1067, 83 Cal.Rptr. 156, a husband sued his wife's insurer pursuant to the uninsured motorist provision in her automobile policy. The husband was riding his uninsured motorcycle at the time of the accident and the wife's policy only covered her car. An exclusion in the policy made it inapplicable to injuries incurred by an insured while occupying an automobile owned by an insured but not covered by the policy. The Hurst court noted that "the unqualified language of the statute" did not make coverage dependent upon *49 whether or not the husband was in any kind of vehicle; thus, the fact he was riding an uninsured motorcycle was irrelevant to the coverage determination. (Id. at p. 1070, 83 Cal.Rptr. 156.) The court rejected the insurer's argument that "public policy should not countenance an owner of two motor vehicles to pay for insurance on only one of them and recover benefits for his injuries sustained while operating the other" and concluded the exemption was unenforceable because it conflicted with the statute. (Id. at pp. 1070-1071, 83 Cal.Rptr. 156.) The court came to this conclusion despite the fact that the Legislature had recently amended the statute to allow this very exemption. (Id. at p. 1070, 83 Cal.Rptr. 156, citing § 11580.2, subd.(c)(6).)
USAA contends it permissibly excluded UM and UIM coverage to a particular class of motor vehicles, i.e., any self-propelled vehicle with less than four wheels. In support of this argument, USAA cites section 11580.1, governing the mandatory provisions for every automobile liability policy issued or delivered in California (§ 11580.1, subd. (a)), arguing that subdivision (c)(8) of this section allows an automobile insurance policy to exclude "[a]ny motor vehicle or class of motor vehicles" from liability coverage. We reject this argument as USAA is attempting to graft an exclusion contained in section 11580.1 governing liability coverage to third parties onto section 11580.2 concerning "first party" coverage (i.e. coverage owed by an insurer to cover losses suffered by its own insured). (Farmers Ins. Exchange v. Hurley (1999) 76 Cal.App.4th 797, 800, 90 Cal.Rptr.2d 697.) The Legislature did not insert such an exclusion into section 11580.2 and it is not within the province of this court to do so.
At oral argument, USAA argued that the court in Canadian Ins. Co. v. Ehrlich (1991) 229 Cal.App.3d 383, 280 Cal.Rptr. 141 (Canadian) acknowledged the validity of an exclusion to liability coverage contained in an automobile liability insurance policy even though the exclusion was not one of the eight permissible exclusions enumerated in subdivision (c) of section 11580.1, contending we should do the same for section 11580.2 by analogy.
USAA's reliance on Canadian is misplaced. The court in Canadian recognized the general rule that exclusions not expressly authorized by or broader than, those stated in section 11580.1 are impermissible and invalid. (Canadian, supra, 229 Cal.App.3d at p. 390, 280 Cal.Rptr. 141, citing California State Auto. Assn. Inter-Ins. Bureau v. Gong (1984) 162 Cal.App.3d 518, 528, 208 Cal.Rptr. 649.) The policy at issue in Canadian provided liability coverage for an insured's use of non-owned vehicles, but only when that use was by a person who reasonably believed he had the owner's permission to do so. (Canadian, supra, 229 Cal.App.3d at p. 391, 280 Cal.Rptr. 141.) Passengers injured when the driver, an insured under the policy, drove an uninsured vehicle without the owner's permission argued that the exclusion limiting coverage to permissive users of non-owned vehicles was unenforceable because it was not contained in section 11580.1. (Canadian, supra, 229 Cal.App.3d at pp. 390-391, 280 Cal.Rptr. 141.) The court rejected this argument because coverage for an insured's use of nonowned vehicles was not mandated by section 11580.1, thus the insurer could restrict this optional coverage without violating section 11580.1. (Canadian, supra, 229 Cal.App.3d at p. 391, 280 Cal.Rptr. 141.)
In summary, section 11580.2 mandates UM and UIM coverage to the named insured regardless of whether the individual is in a motor vehicle or on a horse, *50 motorcycle, bicycle or stilts when injured by an uninsured or underinsured motorist, so long as one of the statutory exclusions does not apply. As such, the uninsured motorist statute unambiguously covers Daun, the named insured, because none of the statutory exclusions apply and he suffered bodily injury caused by the negligence of an uninsured motorist "while [he was an] occupant[] of a motor vehicle or otherwise ...." (§ 11580.2, subd. (b), italics added.) The fact Daun was in a nonowned motor vehicle at the time of the accident and not in the insured motor vehicle does not vitiate coverage where none of the statutory exclusions apply.
The exemption USAA seeks to enforce is void as against public policy because it imposes a limitation upon UM and UIM coverage required by section 11580.2. The Legislature did not require insurers to provide such coverage to their "insured," only to allow them to take part of that coverage away through exclusions and exceptions not contained in the statute.
Since the trial court concluded there was no coverage, it did not reach USAA's remaining arguments regarding the merits of this action. Accordingly, we decline to reach these issues in the first instance on appeal and remand to the trial court for that purpose.

DISPOSITION
The judgment is reversed and this matter is remanded for further proceedings consistent with this opinion. Appellant is entitled to his costs on appeal.
WE CONCUR: HUFFMAN, Acting P.J., and McDONALD, J.
NOTES
[*] Brown, J., did not participate therein.